RECEIVED
MAY 26 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

SCANNED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

KANYON SAYERS-ROODS,
POWER-OF-ATTORNEY FOR
ANN-MARIE SAYERS OF
THE COSTANOAN INDIANS
OF INDIAN CANYON;

KANYON SAYERS-ROODS
(IN AN INDIVIDUAL CAPACITY)

    Plaintiffs

v.

MARLEAN RITA MACHADO
    Defendant

CA No.: 22 03092 SVK

## [PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER

THIS MATTER having come before the Court on the Plaintiffs' (Expedited) Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction, and the Court, having reviewed such Motion and the Plaintiffs' Complaint, finds that the relief sought in such Motion should be GRANTED.

In granting the Plaintiffs' Motion for (Expedited) Ex Parte Temporary Restraining Order (the "Motion"), this Court finds as follows:

1.    The specific facts alleged in Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 65(b) clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff Kanyon Sayers-

Roods, as Power-of-Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian Canyon, in an individual capacity, unless this Court issues a temporary restraining order. Therefore, a temporary restraining order should issue without prior written or oral notice to the Defendant.

2. As alleged in the Plaintiffs' Complaint and the Motion, Defendant Machado's conduct has caused Plaintiff Sayers-Roods, Power-of-Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian Canyon, and Kanyon Sayers-Roods, in an individual capacity, to not receive letters sent by government agencies concerning required filings and critical notices that affect Plaintiff Sayers-Roods's work duties and obligations related to Costanoan Indian Research Inc., Chualar-Costanoan Indian Tribal Land of Indian Canyon, and the ability to conduct commerce relative to Indian Canyon (Federal trust land on Indian country), inter alia declared as cause claims in Plaintiffs' Complaint and the Motion of Injunctive Relief, whereby extend beyond Indian Canyon, to a nearby healthcare facility in Gilroy, California, and a federal (USPS) facility in Hollister, California.

3. Additionally, as alleged in the Plaintiffs' Complaint and the Motion, Defendant's conduct caused, is causing, and continues to cause immediate and irreparable harm to Plaintiff Sayers-Roods's active contractual duties as to her mother, Ann Marie Sayers (*Durable Power-of-Attorney Agreement for Healthcare, Et Seq.*), and service agreements with the United States Postal Service, and, by extension, the Indian Canyon Chualar-Costanoan Tribe and Native-American Indian trust land allotted to Ann-Marie Sayers of the Costanoan Indians under documentation issued by the Department of the Interior, as evidence presented by Plaintiff demonstrates.

4. As alleged in the Plaintiffs' Complaint, Defendant had willfully or negligently interfered with incoming mail items sent by state and federal government agencies via United States Postal Service; and likewise for incoming mail items sent to a rural route mail box on Indian Canyon Road in Hollister, California. And, among these mail items there was mail addressed to Plaintiff Kanyon

Sayers-Roods, who is the only authorized contact for this post office box per rental agreement, Ann-Marie Sayers, and Costanoan Indian Research, Inc., a *501c3 corporation* held in the State of California, regulated under the Internal Revenue Service and California Franchise Tax Board, owned and operated by Plaintiff Kanyon Sayers-Roods (President/Director) and Ann-Marie Sayers (Registered Agent/Director). Moreover, at no time since on or about March 8, 2022, had Defendant Machado been given authorization or consent from Plaintiff Sayers-Roods to collect, access, open, or hold incoming mail items from her postal box rented from USPS branch office in Hollister, California [*EXHIBIT E, EXHIBIT F (USPS Post Office Box Rental Agreement)*. See also *EXHIBIT U (Cease & Desist Notice, March 8, 2022)*]. Based on these allegations, this type of harm cannot be remedied merely by monetary or other legal damages but instead only can be prevented by the exercise of the court's equitable powers.

5. The irreparable harm to Plaintiff Kanyon Sayers-Roods outweighs any purported harm or inconvenience to Defendant Marlene Machado. As alleged in the Plaintiffs' Complaint, the continuing and threatened injury, and ongoing harassment, intimidation, or stalking by Defendant Machado amid governmental proceedings or tribal activities, has precluded or enjoined Plaintiff Kanyon Sayers-Roods, the Indian trust land allotted to Ann-Marie Sayers, or the Ann-Marie Sayers of the *Chualar-Costanoan Indian Tribe of Indian Canyon*, from being able to duly uphold safety, terms and conditions, or responsibilities, under the Durable Power-of Attorney Agreement of Ann-Marie Sayers; uphold tribal land ordinances under the tribal band constitution; uphold compliance with federal and state tax laws by filing necessary disclosures with the Internal Revenue Service, California Franchise Tax Board, California Attorney General, or California Secretary of State; and damage being caused to Plaintiffs' reputation and public image by Defendant, while the harm to Defendant in this case, viewed in a light most favorable to her, **is being enjoined from:**

(1) holding herself out to the public as an authorized agent of Ann-Marie Sayers, Indian or tax trust land allotted to Ann-Marie Sayers, or a member or official of the Chualar-Costanoan Tribe of Indian Canyon, California;

(2) from receiving, accessing, or opening incoming mail that is addressed to Plaintiff Kanyon Sayers-Roods, or any person or entity that Plaintiff is serving as an authorized officer, employee, official, or agent;

(3) and from visiting, residing, or camping, within the trust land limits of Indian Canyon, or any presence within five hundred feet from the home of Ann-Marie Sayers located at 1 Indian Canyon Road, Hollister, California,

as a private citizen of the United States, who was at no time after orally and per written notice being asked to leave Indian Canyon on or about March 8, 2022, was allowed to reside, camp, or visit Indian Canyon (Sayers's trust land), held by Ann-Marie Sayers of the Chualar-Costanoan Indian Tribe of Indian Canyon.

6. An injunction prohibiting Defendant from causing property injury (misusing or damaging ceremonial objects or other historical properties of the Chualar-Costanoan Tribe of Indian Canyon) or personal injury (physically assaulting staff of Plaintiff Sayers-Rood's Indian tribal band), serves the public interest, as well as upholding civil rights enjoyed by Native American Indians who reside within Indian Canyon.

7. Based on the facts alleged in the Plaintiffs' Complaint, Plaintiff Sayers-Roods, Power-of-Attorney for Ann-Marie Sayers of the Chualar-Costanoan Tribe of Indian Canyon has a substantial likelihood of success as to the merits of its claims. For these reasons above, the issuance of a Temporary Restraining Order in this matter is within the Court's sound discretion, in conformity with Fed. R. Civ. P. 65, and necessary to protect further immediate and irreparable harm to Plaintiff(s).

IT IS, THEREFORE, ORDERED that:

8. A. Defendant Marlene Rita Machado and all other persons in active concert or participation with her are ordered to refrain from:

    i. Purporting to be an authorized agent of Ann-Marie Sayers, Indian Canyon (Indian trust land allotted to Ann-Marie Sayers by the Department of the Interior) [*EXHIBIT A, EXHIBIT M, EXHIBIT N*], or the Chualar-Costanoan Tribe of Indian Canyon;

    iii. Accessing, altering, obstructing, or mutilating any incoming or outgoing mail items concerning a post office box rented by Plaintiff Kanyon Sayers-Roods, or a rural route mailbox located on Indian Canyon Road that is used by Ann-Marie Sayers or her authorized agents; and

    iv. Entering, visiting, camping, or residing within the limits of Indian Canyon Ranch, Hollister, California. This shall include any satellite offices or healthcare facilities held by the Plaintiff Kanyon Sayers-Roods or Ann-Marie Sayers that are not within the limits of Indian Canyon.

This Court further declares that:

    i. Defendant Marlene Rita Machado, who was at no time a member of the Chualar-Costanoan Tribe of Indian Canyon, does not have the merit to preserve claim to residency or squatter rights within Indian country under Federal law.

    ii. Plaintiff Kanyon Sayers-Roods, who is the daughter and Power-of-Attorney for Ann-Marie Sayers of the Chualar-Costanoan Indian Tribe of Indian Canyon, may enjoy her legal right to uphold any tribal land ordinance or Constitutional law within Indian country as prescribed under

Federal law and the United States Constitution, as she and her tribal band deem necessary. This Temporary Restraining Order shall be effective as of the date and time of its entry and shall remain in effect until the later of fourteen (14) days from such date and time of this Court's entry of an Order with respect to the preliminary injunction sought by Plaintiff.

DATED this ___ day of May, 2022.

_____
JUDGE