UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KANYON SAYERS-ROODS,<br><br>Plaintiff,<br><br>v.<br><br>MARLENE RITA MACHADO,<br><br>Defendant. | Case No.  5:22-cv-03092-EJD<br><br>**ORDER TO SHOW CAUSE RE JURISDICTION** |

Pro se plaintiff Kanyon Sayers-Roods filed this action on May 26, 2022 as power of attorney on behalf of her mother, Ann-Marie Sayers, and also in her individual capacity. Dkt. No. 1. The complaint attaches and appears to incorporate numerous documents, including a complaint and declarations from another case, *Costanoan Indian Research Inc. et al. v. Machado*, No. 1:22-cv-01319-BAH (D.D.C.). *Id.*; *see also* Dkt. Nos. 1-2 (Ex. J), 1-3 (Ex. K), 1-4 (Ex. K), 1-9 (Ex. S), 1-11 (Ex. V). Plaintiff also filed a proposed order granting a motion for a temporary restraining order ("TRO"), but she has not filed a motion for a TRO itself as required under Civil Local Rule 7-1. Dkt. No. 2; *see* Civ. L.R. 7-1(a) ("Any written request to the Court for an order must be presented by one of the following means: (1) A duly noticed motion pursuant to Civil L.R. 7-2 . . . .").

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party bringing a

Case No.: 5:22-cv-03092-EJD
ORDER TO SHOW CAUSE RE JURISDICTION
1

case in federal court bears the burden of proving that there is federal court subject matter jurisdiction. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Courts have a "duty to examine sua sponte whether jurisdiction exists, regardless how the parties have framed their claims." *Naruto v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th Cir. 1988)) (internal quotation marks omitted).

Based on its review of the complaint and attached documents, it appears that this action concerns claims by an Indian plaintiff against a non-Indian defendant arising from events occurring in Indian country. *See, e.g.*, Dkt. No. 1 at 5; Dkt. No. 1-3 ¶¶ 1-2, 4-5, 13. Plaintiff asserts that the bases for federal question jurisdiction in this action are 15 U.S.C. § 1116, 18 U.S.C. § 1151, and "the Property Clause of the U.S. Constitution." Dkt. No. 1 at 3. 15 U.S.C. § 1116 concerns injunctive relief in a federal trademark infringement case, however, Plaintiff does not appear to be asserting any trademark-related claims. 18 U.S.C. § 1151 provides a definition of "Indian country," but does not mention federal district court jurisdiction. The Court understands "the Property Clause of the U.S. Constitution" to mean Article IV, section 3, clause 2 of the U.S. Constitution, which states: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State." The Property Clause does not discuss federal district court jurisdiction. Thus, the complaint does not describe a basis for federal jurisdiction.

28 U.S.C. § 1360(a) provides that the State of California "shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in . . . [a]ll Indian country within [California]." Section 1360(a) suggests that the Court lacks jurisdiction over Plaintiff's claims and therefore cannot provide the relief she now seeks.

Case No.: 5:22-cv-03092-EJD
ORDER TO SHOW CAUSE RE JURISDICTION

2

Accordingly, Plaintiff is directed to file a written response to this order by **June 7, 2022** and to appear before the Court on **June 9, 2022, at 10:00 a.m.** and show cause why the Court possesses jurisdiction over the claims she has asserted in view of 28 U.S.C. § 1360(a), and why the Court should not dismiss the action or remand it to the San Benito County Superior Court.

The Court encourages Plaintiff to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants. While the Program does not provide legal representation, a licensed attorney may assist Plaintiff with aspects of her case, such as responding to this order. The Program's phone number is (408) 297-1480. More information on the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Plaintiff may also wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case. An online version of the manual, as well as other free information for pro se litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: June 1, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-03092-EJD
ORDER TO SHOW CAUSE RE JURISDICTION
3