# UNITED STATES DISTRICT COURT
for the
Northern District of California

Civil Division



FILED
JUN 01 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

|  |  |
|---|---|
| Kanyon Sayers-Roods, Power of Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian Canyon<br>&<br>Kanyon Sayers-Roods (In an Individual Capacity)<br>*Plaintiff(s)*<br><br>-v-<br><br>Marlene Rita Machado<br>*Defendant(s)* | Case No. 5:22-cv-03092-SVK<br>*(to be filled in by the Clerk's Office)*<br><br>AMENDED COMPLAINT PURSUANT TO 28 U.S.C. 1653, AND (EXPEDITED) EXPARTE MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO FED. R. CIV. P. 65 |

## VERIFIED COMPLAINT AND EXPARTE MOTION FOR INJUNCTION

I. The Parties to This Complaint

   A. The Plaintiff(s)

| | |
|---|---|
| Name | KANYON SAYERS-ROODS |
| Street Address | 1 INDIAN CANYON ROAD, INDIAN CANYON |
| City and County | HOLLISTER, SAN BENITO COUNTY |
| State and Zip Code | CA 95024 |
| Telephone Number | 831-531-0055 |
| E-mail Address | KSR@COSTANOAN.ORG |

See also Plaintiff's *Power-of-Attorney Agreement* as to Ann-Marie Sayers in *supra*. D.I. 1-1 at 1-2, 3-6, 7-10

### B. The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | MARLENE RITA |
| Job or Title *(if known)* | |
| Street Address | 1 INDIAN CANYON ROAD, INDIAN CANYON |
| City and County | HOLLISTER |
| State and Zip Code | CA 95024 |
| Telephone Number | 831-325-3246 |
| E-mail Address *(if known)* | BLKKAMARO@YAHOO.COM |

**Additional Details:** Defendant resides in a teepee and trailer home (CA Plate# IMF5173) near the near the Sayers's residence at 1 Indian Canyon within the Indian country. However, Defendant has full access to the Sayers's residence and visits there daily to use phone, bathroom, kitchen, TV, or internet.

## II. Basis for Jurisdiction

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 USCS 1116 (INJUNCTIVE RELIEF ;

18 USCS 1151 (INDIAN COUNTRY DEFINED);

THE PROPERTY CLAUSE OF THE U.S. CONSTITUTION; AND

ART. 1, SEC. 8, U.S. CONST. (*"Congress shall have the power to regulate Commerce with foreign nations and among the several states, and with the Indian tribes."*) (determining that Indian tribes were separate from the federal government, the states, and foreign nations).

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* KANYON SAYERS-ROODS, is a citizen of the State of *(name)* INDIAN CANYON, HOLLISTER, CALIFORNIA

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* MARLENE RITA MACHADO, is a citizen of the State of *(name)* CALIFORNIA. Or is a citizen of *(foreign nation)* INDIAN CANYON (INDIAN COUNTRY UNDER 18 USCS 1151)

    b. If the defendant is a corporation

    The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

A. Where did the events giving rise to your claim(s) occur?

CLAIM #1 (Tort of Intimidation and Stalking at Healthcare Facility ): Gilroy Healthcare & Rehabilitation Center located at 8170 Murray Ave, Gilroy, CA 95020.

CLAIM #2 (Tortious Inference with USPS Rural Route Mailbox and Incoming U.S. Mail Items): Indian Canyon Road of Indian Canyon Ranch ("Indian country") is located at Township Fourteen South of Range Five East of the Mount Diablo Meridian within the City of Hollister San Benito County, California

CLAIM #3 (Tortious Inference with Tribal Activities, Personnel, and Property within the limits of Indian Canyon): Indian Canyon Ranch is located at Township Fourteen South of Range Five East of the Mount Diablo Meridian within the City of Hollister San Benito County, California

B. What date and approximate time did the events giving rise to your claim(s) occur?

CLAIM #1: May 22, 2022 through Present

CLAIM #2: In or about August 2021 through Present

CLAIM#3: On or about March 8, 2022 through Present

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

**CLAIM #1**: 5/22, 2022, Tort of Intimidation occurred at Gilroy Healthcare & Rehabilitation Center located at 8170 Murray Ave, Gilroy, CA 95020 ["Facility"]. Thus, DEFENDANT MACHADO's willful or negligent acts at Facility, similar to prior wrongs or misconduct under Fed. R. Evid. 404(b) demonstrated in this legal action and other related action involving state, federal, administrative, or tribal tribunals, made demand(s) backed by a coercive and unlawful threat of harm or damage. Hence, had Mr. Sayers or Mr. Heinz complied with DEFENDANT MACHADO's demand (i.e., evincing the whereabouts of Ann-Marie Sayers) [supra. D.I. 1-2 at 18-26 (Heinz's witness affidavit declaration as to the 5/22/2022 incident with DEFENDANT MACHADO; see also ], Ms. Sayers, the alleged victim of elderly abuse caused by DEFENDANT MACHADO would have perpetuated on this day. Due to Cotsanoan Tribe council officials' and PLAINTIFF SAYERS-ROODS's prior communication with in-correct persons of DEFENDANT MACHADO and DEFENDANT MACHADO regarding the elderly abuse/neglect report filed with state officials in May '22, DEFENDANT MACHADO is conclusively presumed to know or should have known that complying with the demand would cause loss and damage to ANN-MARIE SAYERS (a patient at Facility in Gilroy, CA), PLAINTIFF SAYERS-ROODS, POWER-OF-ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON.

Thus, DEFENDANT MACHADO and an in-concert person who was identified by Ann-Marie Sayers's sibling (Christopher Sayers) and her Power-of-Attorney (Charles Heinz) as "Joe", arrived to Facility where Christopher Sayers (72) had been receiving treatment as a live-in patient since December 2021, and Ann-Marie Sayers (75) has been a live-in patient since on or about May 8, 2022. At no time was Defendant or Joe listed as a visitor for Mr.*Chris* or Ms. *Ann* Sayers. And, per request by PLAINTIFF SAYERS-ROODS and Mr. Heinz (both POA agents for Ms. Sayers), Ms. Sayers was not publicly listed as a patient at Facility due to fear of continued harm caused by DEFENDANT MACHADO in accordance with an elderly abuse/neglect report filed with CA State Department of Social Services [supra. D.I. 1-4 at 33-38], battery and assault on Costanoan tribal staff members with a razor-edged tribal stone [supra. D.I. 1-2 at 16 (URL permalink to April 23, 2022, Machado Assault video clip)]. This incident resulted in a police report (San Benito County Police Report BG200424) [see EXHIBIT W at §6; see also other supporting witness affidavits in supra. D.I. 1-4 at 111-112; and "EXHIBIT W" (Rhodes's DCD Witness Affidavit, April 2022, "EXHIBIT X" (Blackford's DCD Witness Affidavit, April 2022), and "EXHIBIT Y" (Bunting's DCD Witness Affidavit, April 2022)].

Assertions among testimonial evidence filed with the Court predating the instant cause of action [supra. D.I. 1-7 at 13-21 (see also D.I. 1-7 pp. 18-20, §15 (*Plaintiff Sayers-Roods's Declaration on Witness Harassment & Stalking*); D.I. 1-4 at 33-38 (Elderly Abuse/Neglect Report to state authorities filed by Sayers's POA Heinz, April '22); D.I. 1-4 at 12-19 (*Plaintiff's Affidavit*). Hence, the foregoing within this section, in addition to Plaintiff Sayers-Roods's Declaration of May 25, 2022 [D.I. 1-4 at 12-19] palpably supports the fact that DEFENDANT MACHADO's Tort of Intimidation is *in esse*, and has the substantial likelihood to perpetuate at Facility *ad infinitum*, being in mind that DEFENDANT MACHADO seemingly discovered the whereabouts of Ann-Marie Sayers on May 22, 2022 in accordance with with *POA Agent Heinz's Declaration* in supra. D.I. 1-2 at 20-21 (DEFENDANT MACHADO tells in-concert actor 'Joe: "*Let's go! We've got what we were looking for.*").

**CLAIM #2**: From on or about May 13, 2022 through the present [cf. D.I. 1 at 5 ("CLAIM #3")], whereupon civil action [D.I. 1-3] being filed in the U.S. District Court in the District of Columbia against DEFENDANT MACHADO on related tort claims, DEFENDANT MACHADO has caused tortious inference with a contract by and between Indian trust land holder Ann-Marie Sayers of the Costanoan Indian Tribal Community of Indian Canyon and United States Postal Service for the physical transmission of incoming and outgoing mail, whereby is delivered to the rural route mailbox on Indian Canyon Road, wherewith incoming mail items from state and federal government agencies, and charitable organization donors/sponsors send official correspondence respective to tribal or business interests of PLAINTIFF SAYERS-ROODS or Ann-Marie Sayers, whom are both officials of Costanoan Indian Research Inc., and the Chualar-Costanoan Indian Tribe of Indian Canyon.

This cause of action follows similar tortious inference with PLAINTIFF's rental agreement with United States Postal Service for a postal box (Box #28) [D.I. 1-2 at 1-2, 3-9] that had to be rekeyed [D.I. 1-2 at 14-15 (USPS receipt for P.O. box rekeying fee)] due to DEFENDANT MACHADO collecting mail for Box #28 at USPS clerk desk in Hollister, California without PLAINTIFF's consent or authorization [e.g., testimonial evidence in supra. D.I. 1-4 at 18, §20-22].

**CLAIM #3**: From on or about May 13, 2022 through the present [cf. D.I. 1 at 5 ('Claims' #1, #2, #4)], whereupon civil action [D.I. 1-3] being filed in the U.S. District Court in the District of Columbia against DEFENDANT MACHADO on related tort claims, DEFENDANT MACHADO has caused tortious inference per Tort of Intimidation, Harassment, and False Representation (i.e., purporting to be an authorized tribal council member, executive manager of tribal land, or landlord of Indian Canyon) to Power-of-Attorney Agreement [D.I. 1-1 at 1-9] wherein it requires (both authorized *POA Agents*) PLAINTIFF SAYERS-ROODS and Mr. Heinz to manage personal, business and tribal land interests of Ann-Marie Sayers of the Costanoan Indians of Indian Canyon [see also D.I. 1-1 at 2, 7-8 (e.g., "Additional Instructions"; "18 U.S.C. 1151")].

This claim follows previous claims of tortious inference and violent acts involving DEFENDANT MACHADO that occurred before May 13, 2022 [e.g., D.I. 1-3 at 2-12 (Verified Complaint filed in the D.C. District, May 13, 2022); D.I. 1-4 at 12, 17-18 (PLAINTIFF SAYERS-ROODS's Affidavit assertions as to related tort caused by DEFENDANT MACHADO in or about April 2022); D.I. 1-4 at 39, 41 (Witness Cary Peterson's affidavit assertions as to related tort caused by DEFENDANT MACHADO in or about April 2022); D.I. 1-4 at 111-112 (Witness Julie Heinz's affidavit assertions as to related tort caused by DEFENDANT MACHADO in or about April 2022); "EXHIBIT W" (Witness Nichole Rhodes's affidavit assertions as to related tort and assault/battery caused by DEFENDANT MACHADO in or about April 2022); "EXHIBIT X" (Witness Cheyenne Blackford's affidavit assertions as to a video clip [URL Permalink to Blackford's Video Clip: https://bit.ly/3Nwfacq] she filmed outside of Ms. Sayers's home at 1 Indian Canyon Road on April 23, 2022, wherewith DEFENDANT MACHADO is physically attacking tribal staff in efforts to prevent POA Agents PLAINTIFF SAYERS-ROODS and Charles Heinz from taking Ann-Marie Sayers to a wellness check at the hospital in San Benito County); "EXHIBIT Y" (Witness Jon Bunting's affidavit assertions as to related tort and assault/battery caused by DEFENDANT MACHADO on or about April 23, 2022].

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

PLAINTIFF's rights as Power-of-Attorney for Ann-Marie Sayers [D.I. 1-1 at 1-6], and consortium with her mother Ann-Marie Sayers, whereby involving duties and responsibility to uphold personal healthcare, business, or tribal interests are well beyond $75,000, as life, liberty, safety, morale of Tribe, and reputation of Tribe, could not be measured with a cost and in many cases are irreplaceable if damaged.

Moreover, "Indian Canyon" (i.e., Indian trust land allotted to PLAINTIFF's mother Ann-Marie Sayers of the Costanoan Indian Tribe and great grandfather Sebastian Garcia of the Chualar Indian Tribe by the Federal government) [see supporting government documents in supra. D.I. 1-1 at 12-16 (Ann Sayers's trust land allotted by DOI); D.I. 1-1 at 17-18 (DOI Geneaology Tree showing nexus between Sebastian Garcia and Ann-Marie Sayers); D.I. 1-7 at 1-4 (Sebastian Garcia trust land allotted by U.S. President Taft, 1911); D.I. 1-1 at 19-20 (PLAINTIFF SAYERS-ROODS's birth certificate showing "Ann-Marie Sayers" as 'mother'], properties held by PLAINTIFF's family who the Government has identified Costanoan Indians [D.I. 1-1 at 22-62 (Costanoan tribal organization papers on government record and Indian tribe member roll sheets); D.I. 1-7 at 5-7 (Constitution of Costanoan Indian Tribal Community signed by Ann-Marie Sayers in 1974)], or consanguineous ancestors of Sebastian Garcia of the Chualar Indian Tribe, and the reputation of the Indian Canyon Chualar-Costanoan Tribe of Ohlone People ("Tribe") is priceless or in many cases irreplaceable.

Additionally, the safety of tribal members, tribal staff, CIR officials, and tribal event participants who visit Indian Canyon, cannot be recovered or restored if any of them continued to be exposed to irreparable harm or damage caused by DEFENDANT MACHADO, who is known to be armed and violent, and has no regard for Tribe's constitution or tribal land ordinances, due to a habitual pattern or routine demonstrated in testimonial or circumstantial evidence filed in the D.C. District earlier this month; and the supporting exhibits filed hereto the instant case.

## V. Relief

[See "Proposed Order" in supra. D.I. 2] PLAINTIFF SAYERS-ROODS, POWER-OF-ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIAN TRIBE OF INDIAN CANYON seeks an (Expedited) Exparte Temporary Restraining Order under 15 U.S.C. 1151 [cf. FRCP 65], and Injunctive and Declaratory Relief under Fed. R. Civ. P. 57, and 65, whereby would enjoin DEFENDANT MACHADO from trespassing, harassing, intimidating, libeling, obstructing, assaulting, acting of behalf of Chualar-Costanoan Tribal Council of Indian Canyon or Indian Canyon's tribal land management (without consent or authorization), or causing other irreparable harm or damage to PLAINTIFF KANYON SAYERS-ROODS, POWER OF ATTORNEY OF ANN-MARIE SAYERS OF THE CHUALAR-COSTANOAN INDIANS OF INDIAN CANYON, ANN-MARIE SAYERS (whether at a healthcare facility or at her residence at 1 Indian Canyon Road, Hollister, California), KANYON SAYERS-ROODS (IN AN INDIVIDUAL CAPACITY). This injunction would include DEFENDANT MACHADO from unauthorized access to any personal property of PLAINTIFF SAYERS-ROODS, POWER-OF-ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIAN TRIBE OF INDIAN CANYON, or (the individual) ANN-MARIE SAYERS OF THE CHUALAR-COSTANOAN INDIAN TRIBE OF INDIAN CANYON.

MOREOVER, shall this injunctive relief allow PLAINTIFF to request a civil standby to deliver service of process to DEFENDANT MACHADO per D.I. 3 (USM-285), or per state/city law enforcement in the State of California.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 31, 2022

Signature of Plaintiff: s/ Kanyon Sayers-Roods
Printed Name of Plaintiff: KANYON SAYERS-ROODS

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address