Kanyon Sayers-Roods
1 Indian Canyon Road
Indian Canyon
Hollister, CA 95024
831.531.0055 (tel)
ksr@costanoan.org (email)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANYON SAYERS-ROODS, POWER OF ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON <br> & <br> KANYON SAYERS-ROODS (IN AN INDIVIDUAL CAPACITY), <br><br> Plaintiff(s), <br><br> vs. <br><br> MARLENE RITA MACHADO, <br><br> Respondent. | <u>Case No. 5:22-CV-03092-SVK</u> <br><br> PLAINTIFF'S ANSWER MOTION (IN RE DOC. 12 ORDER) PURSUANT TO FRCP 7(A)(7), & FRCP 60(A),(B)(2, 6) |

On this 6th day of June, 2022, I, Kanyon Sayers-Roods ["PLAINTIFF"; Pro Per], in an individual capacity, and as Power-of-Attorney of Ann-Marie Sayers (75) of the Costanoan Indians of Indian Canyon, San Benito County [27 CFR 9.110 et seq.], California, hereby certify and submit this legal motion, under the penalty of perjury and in lieu of oath pursuant to 28 U.S.C. 1746, in efforts to respectfully, expeditiously, and effectively move this Court on the above-styled caption, with respect to D.I. 12 (a court order decreeing a show cause statement as to complaint and requested relief under FRCP 65).

    Moreover, Plaintiff has filed hereto this Motion a Supporting Affidavit wherein

testimonial evidence conjunction with photographs of a rural mailbox for mail recipient(s) and Indian tribal members and Indian country residents pursuant to (i.e., PLAINTIFF KANYON SAYERS-ROODS, Ann-Marie Sayers and Christoper Sayers of the Costanoan-Chualar Indian Tribe of Indian Canyon; and Native-American owned corporation Costanoan Indian Research Inc., owned and operated by PLAINTIFF SAYERS-ROODS and her mother, Ann-Marie Sayers) located on"Indian Canyon Road" ["EXHIBIT Z" hereunto] installed by the United States Postal Service, a Federal governmental agency under Title 18, Chapter 83, United States Code and Title 59, Code of Federal Regulations. Thus, PLAINTIFF's intent is to adhere the statutory principles under 28 U.S.C. 471, whereby decree that civil action be expeditiously, efficiently, and effectively moved through the Court, whereby may be subject to a leave to state court under 28 U.S.C. 1360(a), per *sua sponte* or judicial determination upon PLAINTIFF's motion, for particular cause claim(s) under PLAINTIFF's amended complaint [D.I. 13 at 5].

---

"*Underlying the Court's ruling is the long-standing principal that a state has no jurisdiction over Indian lands unless Congress has expressly ceded that jurisdiction. Id. at 207, 107 S.Ct. 1083.*" Dewberry v. Kulongoski, 406 F. Supp. 2d 1136 (D. Or. 2005). **[Plaintiff concurring with Doc. Order 12 at 3]**

"*Every offense committed within it is an offense against the United States, and here the state has no jurisdiction whatever. This fact seems to have been forgotten by parties.*" Sharon v. Hill, 24 F. 726, 730 (9th Cir. 1885) (SAWYER, J., (orally)). **[D.I. 1 at 6 (Claim(s) #2, #3)]**

"[A] *State has no jurisdiction of persons or property beyond its borders or of contracts executed beyond its borders.*" American Fire Ins. Co. v. King Lumber Co., 250 U.S. 2, 11 (1919). **[D.I. 1 at 6 (Claim(s) #2, #3)]**

"*The test of materiality for a federal contract is an all-the-circumstances test. United States v. Baus, 834 F.2d 1114, 1125 (1st Cir. 1987); Eastern Ill. Trust, 826 F.2d at 617; cf. Restatement (Second) of Contracts § 241 (1979) [hereinafter "Restatement"].*" First Interstate Bank v. Small Business Admin 868 F.2d 340, 343 (9th Cir. 1989). **[D.I. 1 at 6 (Claim(s) #2, #3)]**

"[A] *state has the same undeniable and unlimited jurisdiction over all persons and things, within its territorial limits, as any foreign nation; where that jurisdiction is not surrendered or restrained by the constitution of the United States.*" First Nat. Ben. Soc. v. Garrison, 58 F. Supp. 972, 987 (S.D. Cal. 1945). **[D.I. 1 at 6 (Claim(s) #2, #3)]**

January 2017, in a neighboring federal district within the State of Washington, among the Ninth Circuit, stated in a similar legal situation involving Indian tribal affairs under 18 U.S.C. 1151, *"While a state has no jurisdiction over the economic affairs of neighboring states or foreign nations, it shares concurrent authority with the Indian tribes over certain on-reservation economic activities. Furthermore, the dormant Interstate Commerce Clause is designed to prevent states from burdening commerce between the states. See, e.g., City of Philadelphia v. New Jersey, 437 U.S. 617 (1978), Hunt v. Washington State Apple Advertising Comm., 432 U.S. 333 (1977), Dean Milk Co. v. City of Madison, Wisconsin, 340 U.S. 349 (1951).*" <u>Tulalip Tribes v. Washington, No. 2:15-cv-00940-BJR, at *4 (W.D. Wash. Jan. 6, 2017)</u>.

Thus, PLAINTIFF preserves claim to a relationship under a contract- a Federal contract by and between Indian Canyon residents (the Sayers family and Costanoan-Chualar Indian tribal members of Indian Canyon) [supra. line(s) 2-9 of page 2 herein above] and the United States Postal Service for a rural mailbox at, or nearby *Indian Canyon, Hollister, California,* under this postal code of 95024; and the aforementioned post office branch whereby all postmarked-incoming mail items arrive with respect to PLAINTIFF and her personal, tribal, or business interests respective to 'Indian Canyon Road.' as such federal property (i.e., inside of the rural mailbox held by Indian Canyon residents; and the P.O. box held by PLAINTIFF on behalf Indian Canyon residents) appears to be entitled pursuant to photographs of such federal property enclosed by PLAINTIFF demonstrate [EXHIBIT Z].

*Garrison, 58 F. Supp. 972, 987* says, "[A] *State can do nothing which will directly or indirectly burden or impede interstate commerce, and the police power does not justify a direct interference with such commerce it may make valid enactments in the exercise of its legislative power to promote the welfare and convenience of its citizens, although in their operation they*

*may have an effect upon interstate commerce." First Nat. Ben. Soc. v. Garrison, 58 F. Supp. 972, 987 (S.D. Cal. 1945)(quoting Missouri, K. T. R. Co. v. Haber, 1898, 169 U.S. 613, 628, 18 S.Ct. 488, 42 L.Ed. 878. See also Sioux Remedy Co. v. Cope, 1914, 235 U.S. 197, 35 S.Ct. 57, 59 L.Ed. 193; New Mexico ex rel. McLean Co. v. Denver R. G. R. Co., 1906, 203 U.S. 38, 27 S.Ct. 1, 51 L.Ed. 78; Houston T. C. R. Co. v. Mayes, 1906, 201 U.S. 321, 26 S.Ct. 491, 50 L.Ed. 772; Bowman v. Chicago N.W. R. Co., 1888, 125 U.S. 465, 489, 8 S.Ct. 689, 31 L.Ed. 700; Robbins v. Taxing Dist., Shelby County, 1887, 120 U.S. 489, 493, 7 S.Ct. 592, 30 L.Ed. 694; Gloucester Ferry Co. v. Pennsylvania, 1885, 114 U.S. 196, 215, 5 S.Ct. 826, 29 L.Ed. 158; Hannibal St. J. R. Co. v. Husen, 1878, 95 U.S. 465, 470, 24 L.Ed. 527; Lake Shore M. S. R. Co. v. Ohio ex rel. Lawrence, 1899, 173 U.S. 285, 292, 19 S.Ct. 465, 43 L.Ed. 702; New York, N. H. H. R. Co. v. New York, 1897, 165 U.S. 628, 631, 17 S.Ct. 418, 41 L.Ed. 853; Sligh v. Kirkwood, 1915, 237 U.S. 52, 35 S.Ct. 501, 59 L.Ed. 835; Western Union Tel. Co. v. Kansas ex rel. Coleman, 1910, 216 U.S. 1, 26, 30 S.Ct. 190, 54 L.Ed. 355; Northern Securities Co. v. United States, 1904, 193 U.S. 197, 350, 24 S.Ct. 436, 48 L.Ed. 679; Cf. Western Distributing Co. v. Public Service Commission, 1932, 285 U.S. 119, 52 S.Ct. 283, 76 L.Ed. 655).* <u>First Nat. Ben. Soc. v. Garrison, 58 F. Supp. 972, 987 (S.D. Cal. 1945)</u>.

Furthermore, on or about June 3, 2022, the legal affairs director, Cary Peterson of the Costanoan-Chualar Indian Tribal Community of Indian Canyon, spoke with USPS Legal Affairs Office in Washington, D.C., who advised PLAINTIFF to file an administrative complaint with the USPS Inspector General respective to Cause Claim(s) #2 and #3, whereby are respective to federal commerce or property of the United States Postal Service that the Costanoan-Chualar Indians of Indian Canyon had used to sent or receive mail items postmarked by the U.S. Postal Service, since in or about 1911, when my mother's great grandfather Sebastian Garcia of the

Chualar Indian Tribe was allotted this federal trust land by then-U.S. President William Taft [D.I. 1-7 at 1-3]. Supporting exhibits filed hereunto palpably demonstrate direct evidence or inference that this Indian tribe that consists of three or more tribal members residing in Indian Canyon [D.I. 1-4 at 61-79 showing a consanguineous nexus between Costanoan-Chualar tribal members of Indian Canyon including PLAINTIFF SAYERS-ROODS] have used this rural mailbox and mailbox services and rental-post office since box for economic affairs of the tribal band, inter alia, since in or about 1974, when the tribe's constitution was established [D.I. 1-7 at 5-7].

## THE GOVERNMENT'S RESPONSE REGARDING JURISDICTION ON CLAIMS

On June 3, 2022, PLAINTIFF KANYON SAYERS-ROODS, who is Tribal Council Chairwoman of the Costanoan-Chualar Indian Tribal Community of Indian Canyon, and Power-of-Attorney for *Indian Canyon trust land grantee* Ann-Marie Sayers, filed such an administrative complaint respective to Indian Canyon Road's rural mailbox being illegally accessed, inter alia that involve the obstruction, concealment, or mutilation of incoming mail items, by DEFENDANT. On June 6, 2022, the Criminal Investigations Unit at the Office of Inspector General for the United States Postal Service sent PLAINTIFF an administrative complaint response that read [*in haec verba*] ***"After careful review, we have determined this matter falls under the jurisdiction of the U.S. Postal Inspection Service (USPIS). We have forwarded your inquiry to USPIS for direct response to you."*** **[see EXHIBIT AA].**

      Hence, the Ninth Circuit has acknowledged that under Title 18, Chap. 83, United States Code, that any unauthorized act of 'possessing stolen mail [18 U.S.C. § 1708] and of willfully breaking into a mail collection box' [18 U.S.C. § 1705 ] is under federal jurisdiction. See *United States v. Hills, 455 F.2d 504, 505 (9th Cir. 1972)*. Id. <u>Sharon v. Hill, 24 F. 726, 730 (9th Cir.</u>

1885). Moreover, the Supreme has upheld that the inner portion of any mailbox under contract to receive mail service from USPS is federal property and territory. Id. *King Lumber Co., 250 U.S. 2, 11.* Thus, any mail items postmarked by the United States Postal Service are considered interstate commerce on economic affairs with the members or staff of the Costanoan-Chualar Indian Tribal Community of Indian Canyon located on Indian Canyon Road, until such postmarked mail items are opened by the respective addressee who statutorily terminates the federal commerce and accepts the opened mail item as private property. Id. *Garrison, 58 F. Supp. 972, 987 (S.D. Cal. 1945).* This would also include any post office boxes rented by PLAINTIFF on behalf of the Costanoan-Chualar Indian Tribal Community of Indian Canyon [see PLAINTIFF"s USPS mailbox rental agreements in supra. D.I. 1-2 at 1-12].

     Thereby, based on the foregoing, PLAINTIFF's claims under D.I. 13 carry concurrent jurisdiction between the State of California and this Court. As it is physically impossible for this Court to repeal an Act of Congress [28:1360]; and likewise as to any federal property interests under the authority of the U.S. Interior Secretary, U.S. Attorney General, or U.S. Postal Inspector. Thus, PLAINTIFF is obliged to invoke the (amended) proposed order filed hereunto for review by this Court in efforts to prevent any continuance of undue hardship as a *Pro-Per* of Indian country, or conflict preemption respective to 28 U.S.C. 1360 (cf. *Public Law 280*).

## CONCLUSION.

For reasons set forth above, supported by exhibits hereto, in conjunction with PLAINTIFF's (Amended) Proposed Order and Supporting Affidavit, shall the Court grant this motion in part or whole.

PLAINTIFF, Kanyon Sayers-Roods, hereby declares the foregoing as true and correct.

        Dated this day 6th of June, 2022.

    s/ Kanyon Sayers-Roods
By: Kanyon Sayers-Roods,
PLAINTIFF FOR PARTIES

cc: Bureau of Indian Affairs (Sacramento, CA);

California Attorney General (Indian Affairs);

Inspector General - USPS;

San Benito County District Attorney;

Legal@Costanoan.Org