IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

KANYON SAYERS-ROODS,
POWER-OF-ATTORNEY FOR
ANN-MARIE SAYERS OF
THE COSTANOAN INDIANS
OF INDIAN CANYON;

KANYON SAYERS-ROODS
(IN AN INDIVIDUAL CAPACITY)

    Plaintiff(s)

        v.

MARLEAN RITA MACHADO
    Defendant
_____

C.A. No. 5:22-cv-03092-EJD

(AMENDED) PROPOSED ORDER

_____

### [PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER
_____

THIS MATTER having come before the Court on the Plaintiffs' Amended (Expedited) Motion for Ex Parte Temporary Restraining Order as to Plaintiff's Cause Claim(s) No. 2 or No. 3, with respect to PLAINTIFF KANYON SAYERS-ROODS, POWER-OF-ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON, or Indian trust land grantee Ann-Marie Sayers of the Costanoan-Chualar Indians of Indian Canyon, who had/has held exclusively authority to federal property, mail service contracts, or federal commerce involving the United States Postal Service, whereby include the exclusive rights to a rural mailbox marked as ("Indian Canyon Road") near Indian Canyon of Hollister, California, and incoming mail items postmarked by the United States Postmaster General sent to Indian Canyon Road's rural mailbox; and Leave to the

Superior Court of California pursuant to 28 U.S.C. 1360 as to Plaintiff's Cause Claim No. 1, and the Court, having reviewed such Motion and the Plaintiffs' Complaint, Supporting Affidavits and Exhibits, and *a fortiori*, the USPS inspector general's declaration on Federal jurisdiction concerning one or more claims in the instant case [EXHIBIT AA], this Court finds that the relief sought in such Motion should be GRANTED.

In granting the Plaintiffs' Motion for (Expedited) Ex Parte Temporary Restraining Order (the "Motion"), this Court finds as follows:

1. The specific facts alleged in Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 65(b) clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff Kanyon Sayers-Roods, as Power-of-Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian Canyon, in an individual capacity, unless this Court issues a temporary restraining order. Therefore, a temporary restraining order should issue without prior written or oral notice to the Defendant.

2. As alleged in the Plaintiffs' Complaint and the Motion, Defendant Machado's conduct has caused Plaintiff Sayers-Roods, Power-of-Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian Canyon, and Kanyon Sayers-Roods, in an individual capacity, to not receive letters sent by government agencies concerning required filings and critical notices that affect Plaintiff Sayers-Roods's work duties and obligations related to Costanoan Indian Research Inc., Chualar-Costanoan Indian Tribal Land of Indian Canyon, and the ability to conduct commerce relative to Indian Canyon (Federal trust land on Indian country), inter alia declared as cause claims in Plaintiffs' Complaint and the Motion of Injunctive Relief, whereby extend beyond Indian Canyon, to a nearby healthcare facility in Gilroy, California, and a federal (USPS) facility in Hollister, California.

3.      Additionally, as alleged in the Plaintiffs' Complaint and the Motion, Defendant's conduct caused, is causing, and continues to cause immediate and irreparable harm to Plaintiff Sayers-Roods's active contractual duties as to her mother, Ann Marie Sayers (*Durable Power-of-Attorney Agreement for Healthcare, Et Seq.*), and mail service agreements with the United States Postal Service, and, by extension, the Indian Canyon Chualar-Costanoan Tribe and Native-American Indian trust land allotted to Ann-Marie Sayers of the Costanoan Indians under documentation issued by the Department of the Interior, as evidence presented by Plaintiff demonstrates.

4.      As alleged in the Plaintiffs' Complaint, Defendant had willfully or negligently interfered with incoming mail items sent by state and federal government agencies via United States Postal Service; and likewise for incoming mail items sent to a rural mail box for tribal residents or tribal staff residing on Indian Canyon Road in Hollister, San Benito County, California. Based on these allegations, this type of harm cannot be remedied merely by monetary or other legal damages but instead only can be prevented by the exercise of the court's equitable powers.

5.      The irreparable harm to Plaintiff Kanyon Sayers-Roods outweighs any purported harm or inconvenience to Defendant Marlene Machado. As alleged in the Plaintiffs' Complaint, the continuing and threatened injury, and ongoing harassment, intimidation, or stalking by Defendant Machado amid governmental proceedings or tribal activities, has precluded or enjoined Plaintiff Kanyon Sayers-Roods, the Indian trust land allotted to Ann-Marie Sayers, or the Ann-Marie Sayers of the *Chualar-Costanoan Indian Tribe of Indian Canyon*, from being able to duly uphold safety, terms and conditions, or responsibilities, under the Durable Power-of Attorney Agreement of Ann-Marie Sayers; uphold tribal land ordinances under the tribal band constitution; uphold compliance with federal and state tax laws by filing necessary disclosures with the Internal Revenue Service, California Franchise Tax Board, California Attorney General, or California Secretary of State; and

damage being caused to Plaintiffs' reputation and public image by Defendant, while the harm to Defendant in this case, viewed in a light most favorable to her, **is being enjoined from:**

    (1) holding herself out to the public as an authorized agent of Ann-Marie Sayers, Indian or tax trust land allotted to Ann-Marie Sayers, or a tribal member or official of the Chualar-Costanoan Tribe of Indian Canyon, California;

    (2) from receiving, accessing, or opening incoming mail that is addressed to Plaintiff Kanyon Sayers-Roods, or any person or entity that Plaintiff is serving as an authorized officer, employee, official, or agent within the the limits of *Indian Canyon*;

    (3) and accessing, collecting, or interfering with contracts, commerce, or postmarked mail items at Indian Canyon Road's rural mailbox or post office box, or being physically within five hundred feet of Indian Canyon Road's rural mailbox.

    as a private citizen of the United States, who was at no time after orally and per written notice being asked to leave Indian Canyon on or about March 8, 2022, was allowed to reside, camp, or visit Indian Canyon, or possess or use marijuana, in Indian Canyon, Indian trust land held by Plaintiff's mother, Ann-Marie Sayers of the Chualar-Costanoan Indian Tribe of Indian Canyon, as the *Cease & Desist Notice* to Defendant Machado ["EXHIBIT U". See also *Exhibits Table* in supra. D.I. 1 at 10], dated and signed on March 8, 2022, demonstrates.

6. An injunction prohibiting Defendant from causing tortious inference with federal commerce with the United States Postal Service, or property injury to federal property of the United States Postal Service, relative to Indian Canyon Road's rural mailbox, has federal jurisdiction in this Court. Based on the facts alleged in the Plaintiff's Amended Complaint (Claims No. 2, 3), Plaintiff Sayers-Roods, Power-of-Attorney for Ann-Marie Sayers of the Chualar-Costanoan Tribe of Indian Canyon has a substantial likelihood of success as to the merits of its claims. For these reasons above, the

issuance of a Temporary Restraining Order in this matter is within the Court's sound discretion, in conformity with Fed. R. Civ. P. 65, and necessary to protect further immediate and irreparable harm to Plaintiff(s).

IT IS, THEREFORE, ORDERED that:

7. A. Defendant Marlene Rita Machado and all other persons in active concert or participation with her are ordered to refrain from:

    i. Purporting to be an authorized agent of Ann-Marie Sayers, Indian Canyon (Indian trust land allotted to Ann-Marie Sayers), or the Chualar-Costanoan Indian Tribe of Indian Canyon;

    iii. from receiving, accessing, or opening incoming mail that is addressed to Plaintiff Kanyon Sayers-Roods, or any person or entity that Plaintiff is serving as an authorized officer, employee, official, or agent within the the limits of Indian Canyon Ranch; and

    iv. accessing, collecting, or interfering with contracts, commerce, or postmarked mail items at Indian Canyon Road's rural mailbox or post office box, or being physically within five hundred feet of Indian Canyon Road's rural mailbox

    V. possessing, or using per oral consumption of, marijuana within the limits of Indian Canyon Ranch.

This Court further declares that:

    i. Defendant Marlene Rita Machado, who was at no time a member of the Chualar-Costanoan Tribe of Indian Canyon, does not have the merit to preserve claim to rights to access the postal office box or rural mailbox of 'Indian Canyon Road,' or any tribal resident, employee, or

1 organization, located on Indian Canyon Road of Hollister, California, listed as a mail recipient or

2 sender, using such federal property of the United States Postal Service, whereby would include the

3 Defendant's preserved claim to right of collecting, opening, transporting, obstructing, concealing,

4 or mutilating, sealed mail items that are postmarked, or have affixed prepaid postage, under the

5 United States Postal Service. .

6

7 ii. Plaintiff Kanyon Sayers-Roods, who is the daughter and Power-of-Attorney for Ann-

8 Marie Sayers of the Chualar-Costanoan Indian Tribe of Indian Canyon, may enjoy her legal right to

9 uphold any tribal land ordinance or Constitutional law within Indian country as prescribed under

10 Federal law and the United States Constitution, as she and her tribal band deem necessary.

11 iii. Parties shall litigate any subject matter of Plaintiff's Cause Claim No. 1 in the Superior

12 Court of California pursuant to 28 U.S.C. 1360. And, therefore, this cause shall have no jurisdiction

13 in this Court.

14 This Temporary Restraining Order shall be effective as of the date and time of its entry and

15 shall remain in effect until the later of fourteen (14) days from such date and time of this Court's

16 entry of an Order with respect to the preliminary injunction sought by Plaintiff.

17

18

19 DATED this ___ day of June, 2022.

20 _____

21 JUDGE

22
23
24