Kanyon Sayers-Roods
1 Indian Canyon Road
Indian Canyon
Hollister, CA 95024
831.531.0055 (tel)
ksr@costanoan.org (email)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANYON SAYERS-ROODS, POWER OF ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON<br>&<br>KANYON SAYERS-ROODS (IN AN INDIVIDUAL CAPACITY),<br><br>Plaintiff(s),<br><br>vs.<br><br>MARLENE RITA MACHADO,<br><br>Respondent. | <u>Case No. 5:22-CV-03092-EJD</u><br><br>CERTIFICATION OF PLAINTIFF'S EMERGENCY MOTION FOR LEAVE ON JUDICIAL NOTICE OF ADJUDICATIVE FACTS ON FUTILITY EXCEPTION (RE: D.I. 16-3) PURSUANT TO FED. R. EVID. 201(C)(2) |

On this 6th day of June, 2022, I, Kanyon Sayers-Roods ["PLAINTIFF"; Pro Per], in an individual capacity, and as Power-of-Attorney of Ann-Marie Sayers (75) of the Costanoan Indians of Indian Canyon, San Benito County [27 CFR 9.110 et seq.], California, hereby certify and submit this legal motion, under the penalty of perjury and in lieu of oath pursuant to 28 U.S.C. 1746, in efforts to respectfully, expeditiously, and effectively move this Court on the above-styled caption, whereby is respective to Fed. R. Evid. 201(c)(2), Futility Exception Rule in accordance with 5 U.S.C. 551 et seq. (Administrative Procedure Act), and D.I. 16-3 (USPS

Postal Inspector Complaint Response Letter ["Submission ID 269705"]), whereby irrefutably demonstrates a declaration made by the United States Postal Inspector, wherein the Government has **preserved claim to federal jurisdiction** concerning subject-matter that is directly relative to *Cause Claim No. 3* of the instant case [*supra*. D.I. 13] ("*After careful review, we have determined this matter falls under the jurisdiction of the U.S. Postal Inspection Service (USPIS).*" U.S. Postal Inspection Service, June 6, 2022) [*supra.* D.I. 16-3].

### PURPOSE OF EMERGENCY MOTION FOR JUDICIAL NOTICE

The local district has upheld that, "If either party requests judicial notice and "supplie[s] the necessary information," judicial notice "must" be taken. Fed . R. Evid . 201(c)(2)." <u>Bos. Ret. Sys. v. Uber Techs.</u>, No. 19-cv-06361-RS, at *3 (N.D. Cal. Aug. 7, 2020). Thus, this civil action's show cause hearing held before this Court on June 16, 2022 resulted in the Honorable U.S. District Judge Edward J. Davila declare multiple times (likewise to his *Doc. 12 Show Cause Order*) that **'he wasn't sure'** whether *Cause Claim No. 3* (as to the defendant's tort claim concerning the USPS rural mailbox and post office box used by the tribe members and tribal council staff of the Costanoan-Chualar Indian Tribal Community of Indian Canyon) had met the requirements for federal jurisdiction in his courtroom [D.I. 26; c.f. D.I. 12].

---

**[Judicial Notice - Fed. R. Evid. 201(c)(2):]** "*Under Federal Rule of Evidence 201, a court must take judicial notice of certain facts "if a party requests it and the court is supplied with the necessary information." Fed . R. Evid . 201(c)(2) . Rule 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute because [they] (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).*" <u>Threshold Enters v. Pressed Juicery, Inc., 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020)</u>.

Nonetheless, DEFENDANT MARLENE MACHADO- a *non-Native* and *non-employee* of Indian Canyon and the Costanoan Indian Tribe- who did not appear at the court hearing of June 16, 2022, notwithstanding being duly served process on June 9, 2022 [D.I. 19 (Plaintiff's Return of Service)], **<u>presently remains</u>** trespassing and illegally dwelling at Indian Canyon Ranch, illegally entering the homes located on PLAINTIFF's Indian trust land (Indian Canyon allotted to PLAINTIFF's mother and great grandfather by the Government and U.S. President), causing property and reputation injury, and illegally interfering with the rural mailbox and the mail content associated with Indian Canyon Road's rural mailbox (that adversely affect active state/federal contracts between PLAINTIFF, PLAINTIFF's mother Ann Marie Sayers, and the Indian Tribal Community of Indian Canyon held on Indian trust land.

The aforementioned disclosure, as is PLAINTIFF's Amended Complaint and TRO Motion [D.I. 13] and PLAINTIFF's Show Cause Order Response [D.I. 16], among other supporting documents and testimonial evidence filed into the record of the instant case, demonstrate ongoing acts of irreparable harm or damage caused by DEFENDANT MACHADO that could not be remedied per injunctive relief by state law enforcement officials or a federal agency as this Court had suggested upon PLAINTIFF SAYERS-ROODS and the tribal community's chief counsel Mr. Peterson raising the question on whether the USPS declaration on federal jurisdiction [D.I. 16-3] met the onus to demonstrate show of cause for sufficient grounds for this Court to grant temporary relief as to Cause Claim No. 3 (only) pursuant to PLAINTIFF's Show Cause Order Response [D.I. 16], PLAINTIFF's Affidavit in Support of Show Cause Order Response, and PLAINTIFF's Amended Proposed Order [D.I. 17], whereby sought only an *Ex Parte TRO* concerning the USPS rural mailbox and P.O. box issues in

controversy, whereof may be awarded remedy by USPS at an undetermined, later date per the administrative procedures [D.I. 16-3] that would have the substantial likelihood to mirror any temporary relief granted by this Court much sooner in efforts to uphold public interest, in addition to special rights to Indian trust land and tribal properties and business interests of the Costanoan-Chualar Indian Tribe of Indian Canyon, whereby PLAINTIFF KAYON SAYERS-ROODS serves as President and Chairwoman of Tribal Council.

**Futility Exception on Administrative Procedure Act**. February 2020, a sister district in California acknowledged the Ninth Circuit and Supreme Court's precedent on futility exception, stating, "*Specifically, courts are empowered to find futility where the claimant demonstrates that there is "nothing to be gained from permitting the compilation of a detailed factual record, or from agency expertise."' Id. (quoting Bowen v. City of New York, 476 U.S. 467, 485 (1986)). "[T]he futility exception to the exhaustion requirement should not be applied where the agency has not had an opportunity to develop a record." Joint Bd. of Control of Flathead, Mission & Jocko Irrigation Dists. v. United States, 862 F.2d 195, 200 (9th Cir. 1988).*" Aguirre v. U.S. Nuclear Regulatory Comm'n, No. 19-cv-495-BAS-BLM, at *8 (S.D. Cal. Feb. 19, 2020).

---

**[Futility Exception Rule:]** "*The Ninth Circuit has recognized that "exhaustion of administrative remedies is not required where exhaustion would have been futile.*" Leorna v. U.S. Dep't of State, 105 F.3d 548, 552 (9th Cir. 1997) (citing United Farm Workers of Am. v. Ariz. Agr. Emp't Relations Bd., 669 F.2d 1249, 1253 (9th Cir. 1982)).

This case law from *Aguirre* tacitly demonstrates that federal courts in California, as is the Supreme Court of the United States, have allowed futility exception to be applied when the movant has 'nothing to gain' (from such relief granted by the court), and the respective federal agency running administrative proceedings to the same effect of the movant's motion) 'had an opportunity to develop a record,' whereby the *Submission ID* within D.I. 16-3 hereto this civil action demonstrates. Thus, PLAINTIFF has nothing to gain if a TRO is granted respective to Cause Claim No. 3, being in mind that inside of Indian Canyon's rural mailbox, as is any mail content placed into to, is irrefutably a federal interest, whereby merely disserves public interest relative to any active relationship that PLAINTIFF or PLAINTIFF's Native American Indian Tribe ("Costanoan Indians of Indian Canyon) holds with state and federal government agencies pursuant to D.I. 20-1 (U.S. Army), D.I. 20-2 (City of Santa Cruz - Water Street Project), D.I. 20-3 (Federal Transportation Administration), inter alia filed in D.I. 23.

## CONCLUSION.

June 16, 2022, the Honorable U.S. District Judge Edward J. Davila told PLAINTIFF that he may issue an order to the effect of the show case hearing [D.I. 26]. Therefore, this Motion for Leave on Judicial Notice of Adjudicative Facts under Fed. R. Evid. 201 is critical to the result of the instant case, if an exigent judicial review does not happen prior the issuance of any court order concerning the instant case.

Thereby, for reasons set forth above, supported by exhibits hereto, in conjunction with PLAINTIFF's (Amended) Proposed Order and Supporting Affidavit, shall the Court grant this motion in part or whole.

PLAINTIFF, Kanyon Sayers-Roods, hereby declares the foregoing as true and correct.

Dated this day 16th of June, 2022.

                                                                      s/ Kanyon Sayers-Roods
                                                                       By: Kanyon Sayers-Roods,
                                                                       PLAINTIFF FOR PARTIES

# CERTIFICATE OF SERVICE

On this 16th day of June, 2022, the Plaintiff, Kanyon Sayers-Roods, has caused this Motion to be filed with the Clerk of Court at the U.S. District in the Northern District of California, and served to the Defendant, Marlene Machado.

  June 16, 2022                                                     s/ Kanyon Sayers-Roods
Date                                                                    By: PLAINTIFF

cc: Bureau of Indian Affairs (Sacramento, CA);

    California Attorney General (Indian Affairs);

    Postal Inspector - USPS;

    San Benito County District Attorney;

    Legal@Costanoan.Org