Kanyon Sayers-Roods
1 Indian Canyon Road
Indian Canyon
Hollister, CA 95024
831.531.0055 (tel)
ksr@costanoan.org (email)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANYON SAYERS-ROODS, POWER OF ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON<br>&<br>KANYON SAYERS-ROODS (IN AN INDIVIDUAL CAPACITY),<br><br>Plaintiff(s),<br><br>vs.<br><br>MARLENE RITA MACHADO,<br><br>Respondent. | Case No. 5:22-CV-03092-EJD<br><br>CERTIFICATION OF PLAINTIFF'S EMERGENCY MOTION FOR LEAVE ON (SECOND) AMENDED PROPOSED ORDER PURSUANT TO 28 U.S.C. 471, & CIVIL L.R. 7-1(C) |

**EMERGENCY MOTION FOR LEAVE UNDER CIVIL L.R. 7-1(c).**

On this 24th day of June, 2022, I, Kanyon Sayers-Roods ["PLAINTIFF"; Pro Per], in an individual capacity, and as Power-of-Attorney of Ann-Marie Sayers (75) of the Costanoan Indians of Indian Canyon, San Benito County [27 CFR 9.110 et seq.], California, hereby certify and submit this legal motion, under the penalty of perjury and in lieu of oath pursuant to 28 U.S.C. 1746, in efforts to respectfully, expeditiously, and effectively move this Court on the above-styled caption, whereby is respective to D.I. 13 (Plaintiff's Amended Complaint and TRO

Motion) and D.I. 16 (Plaintiff Response to Show Cause Order), and the unresolved legal matters that occurred whereupon the oral hearing of June 16, 2022, wherein Honorable U.S. Judge Davila stated that he was not sure if this Court had jurisdiction on Plaintiff's cause claims against DEFENDANT MACHADO.

Whereas, PLAINTIFF's (Second) Amended Proposed Order, as is first, amended proposed order [D.I. 17], whereby PLAINTIFF SAYERS-ROODS filed with the amended complaint and TRO motion [D.I. 13], that was duly served to DEFENDANT MACHADO, asks this Court for an Ex Parte Motion for Removal to State of California on Plaintiff's Cause Claims No. 1 and 3 [28 USCS 1441], and a Temporary Restraining Order on Plaintiff's Cause Claim No. 2 that is respective to Plaintiff's tribal community rural mailbox [*supra*. D.I. 16-3 (USPS's declaration on preserved claim to federal jurisdiction)].

Ultimately, PLAINTIFF's (Second) Amended Proposed Order seeks finality on the instant case, whereby upholds "the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq., to reduce the cost and delay of civil litigation in the federal courts." Booth v. State, 940 F. Supp. 849, 852 n. 3 (D.Md. 1996)." Ashmus v. Calderon, 123 F.3d 1199, 1206 (9th Cir. 1997).

**JUDICIAL NOTICE ON ADJUDICATIVE FACTS AS TO DEFENDANT'S ANSWER.**
"Legislature's mandate to district courts to "ensure just, speedy, and inexpensive resolutions of civil disputes," 28 U.S.C. § 471." Pulse Elecs. v. U.D. Elec. Corp., No. 3:18-cv-00373-BEN-MSB, at *12 (S.D. Cal. Mar. 15, 2021).

Whereas, DEFENDANT MACHADO's Answer Motion to Dismiss Complaint

[D.I. 31] was not duly filed under local rules under certification as a party of the instant case, inter alia that are afforded to pro se litigants that receive a summons for any court action bringing civil charges against them. Thus, DEFENDANT MACHADO, who PLAINTIFF SAYERS-ROODS has only known as a non-Native, private citizen of the United States- not as the pseudo-persona (that appears to bean individual title that purports to be a name under registered trademark or copyright) who seemingly filed Docket Entry No. 31.

Moreover, D.I. 31 demonstrates a return of service signed by a non-party- a person who was/is not an authorized tribal council official, tribal member, or Indian land trustee of Costanoan-Chualar Indian Tribal Community of Indian Canyon; nor was/is this unauthorized signator an authorized agent for PLAINTIFF SAYERS-ROODS. Hence, such an act clearly commits fraud against the Court, among other things that waste time and recklessly exhaust judicial resources. Additionally, at no time was DEFENDANT MACHADO granted an order to use substitute service via U.S. mail or email to satisfy service of process requirements under Fed. R. Civ. P. 5, whereby all litigants, whether represented by legal counsel or Pro Se, must follow.

**Mootness:** Bearing in mind that the presiding judge declared that Plaintiff's cause claims are under state jurisdiction pursuant to 28 U.S.C. 1360(a), allowing DEFENDANT MACHADO to raise an argument, after being a no-show at the June 16 hearing, would be moot and futile. And, any disputes DEFENDANT MACHADO would raise against the open criminal investigations against her for breaking into, tampering with, or tortiously interfering with the Indian Canyon rural mailbox and post office box per D.I. 16-3, would be determined by the USPS Postal Inspector, or U.S. Justice Department who prosecutes criminal matters for all federal agencies.

Therefore, only a TRO against DEFENDANT MACHADO would be needed to keep here away from the USPS properties until the federal agency or law enforcement took over this matter concerning DEFENDANT MACHADO and any other tort claims raised against her in this Court.

## CONCLUSION.

For reasons set forth above should PLAINTIFF's Second (Amended) Proposed Order be granted by this Court.

PLAINTIFF, Kanyon Sayers-Roods, hereby declares the foregoing as true and correct.

Dated this day 24th of June, 2022.

                                                                         s/ Kanyon Sayers-Roods
                                                                          By: Kanyon Sayers-Roods,
                                                                          PLAINTIFF FOR PARTIES

## CERTIFICATE OF SERVICE

On this 24th day of June, 2022, the Plaintiff, Kanyon Sayers-Roods, has caused this Motion to be filed with the Clerk of Court at the U.S. District in the Northern District of California, and served to the Defendant, Marlene Machado.

| | |
|---|---|
| _6/24/2022_ | _s/ Kanyon Sayers-Roods_ |
| Date | By: PLAINTIFF |

cc: Bureau of Indian Affairs (Sacramento, CA);

California Attorney General (Indian Affairs);

Postal Inspector - USPS;

San Benito County District Attorney;

Legal@Costanoan.Org

MOTION FOR LEAVE ON SECOND PROPOSED ORDER