IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

KANYON SAYERS-ROODS,　　　　　　　　　)　　C.A. No. 5:22-cv-03092-EJD
POWER-OF-ATTORNEY FOR　　　　　　　　)
ANN-MARIE SAYERS OF　　　　　　　　　　)
THE COSTANOAN INDIANS　　　　　　　　　)
OF INDIAN CANYON;　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
KANYON SAYERS-ROODS　　　　　　　　　　)
(IN AN INDIVIDUAL CAPACITY)　　　　　　)
　　Plaintiff(s)　　　　　　　　　　　　)　　(SECOND, AMENDED) PROPOSED ORDER
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
MARLEAN RITA MACHADO　　　　　　　　　 )
　　Defendant　　　　　　　　　　　　　　)
_____

_____

**ORDER FOR REMOVAL TO STATE & TEMPORARY RESTRAINING ORDER**
_____

THIS MATTER having come before the Court on the Plaintiff's (Second, Amended) Proposed Order seeking *Emergency, Ex Parte Motion for Leave to State of California* under 28 U.S.C. 1360(a), and 1441 as to Plaintiff's Cause Claims No. 1 and 3; and *Temporary Restraining Order* as to Plaintiff's Cause Claim No. 2 under 15 U.S.C. 1116 , with respect to the USPS rural mailbox located on or nearby Indian Canyon Road per administrative complaint claims submitted by PLAINTIFF KANYON SAYERS-ROODS, POWER-OF-ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON to the United States Postal Inspector [D.I. 16-3].

Thereby, the Court, having reviewed such Emergency Motion for Leave on this Proposed Order respective to Plaintiff's Amended Complaint [D.I. 13], Plaintiff's Supporting Affidavits and Exhibits, and more importantly, the USPS inspector general's declaration on federal agency jurisdiction concerning the Plaintiff's Cause Claim No. 2, this Court finds that the relief sought in such Motion should be GRANTED.

In granting the Plaintiff's Motion for Emergency, Ex Parte Temporary Restraining Order (the "Motion"), this Court finds as follows:

1. The specific facts alleged in Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 65(b) clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff Kanyon Sayers-Roods, as Power-of-Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian Canyon, in an individual capacity, unless this Court issues a temporary restraining order amid her obtaining injunctive relief from respective federal or state agencies with a particular interest in this case matter, who possess the authority to do so. Therefore, a temporary restraining order should issue without prior written or oral notice to the Defendant.

2. As alleged in the Plaintiff's Amended Complaint and orally pleadings made in this Court, Defendant Machado had willfully or negligently interfered with, concealed, mutilated, obstructed, or stolen, incoming mail items sent by state and federal government agencies via United States Postal Service to the Indian Canyon Road rural mailbox used by tribe members, tribal staff, and tribal council, of the Costanon-Chualar Indian Tribal Community of Indian Canyon. Based on

these allegations, this type of harm cannot be remedied merely by monetary or other legal damages but instead only can be prevented by the exercise of the court's equitable powers.

IT IS, THEREFORE, ORDERED that:

A. Defendant Marlene Rita Machado and all other persons in active concert or participation with her are ordered to refrain from:

    i. Purporting to be an authorized agent of Ann-Marie Sayers, Indian Canyon (Indian trust land allotted to Ann-Marie Sayers), or the tribal council of the Chualar-Costanoan Indian Tribe of Indian Canyon;

    iii. from receiving, accessing, or opening incoming mail that is addressed to Plaintiff Kanyon Sayers-Roods, or any person or entity that Plaintiff is serving as an authorized officer, employee, official, or agent within the the limits of Indian Canyon Ranch; and

    iv. accessing, collecting, or interfering with contracts, commerce, or postmarked mail items at Indian Canyon Road's rural mailbox or post office box, or being physically within five hundred feet of Indian Canyon Road's rural mailbox

This Temporary Restraining Order shall be effective as of the date and time of its entry and shall remain in effect until the later of \_\_\_\_\_ days from such date and time of this Court's entry of an Order with respect to the injunctive relief sought by Plaintiff..

FURTHERMORE, IT IS ORDER that the Plaintiff's cause claims that do not involve D.I. 16-3 (USPS Postal Inspector's declaration in response to Plaintiff's administrative complaint) be

removed to the appropriate jurisdiction pursuant to 28 U.S.C. 1360(a); and this case be immediately closed, as any further proceedings in this Court would be moot.

DATED this ___ day of June, 2022.

_____
JUDGE