Kanyon Sayers-Roods, Plaintiff
ksr@costanoan.org
(831) 531-0055
In re: *Sayers-Roods vs. Machado*
(re Doc. Nos. 34 & 34-1 Affidavits as to BIA Claim to Jurisdiction Enjoining Relief from County DA)

# EXHIBIT A

Doc. 34 Witness Affidavit of Cary Peterson,
Chief Counsel of Tribal Council
in Support of Plaintiff's Doc. 34 Motion for Leave
on 2nd Amended Proposed Order
(Copy of Email and Letter from Costanoan Tribal Council
to Bureau of Indian Affairs (re Marlene Machado),
dated June 29, 2022

# In re: [**Priority**] Issue on Indian Canyon Reservation (Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD)



| | |
|---|---|
| **From** | Peterson, Cary (Costanoan.Org - Legal Affairs) <legal@costanoan.org> |
| **To** | Lorenz, Christopher L <christopher.lorenz@bia.gov>, <jessie.durham@bia.gov>, <Darryl.LaCounte@bia.gov>, <BIA_IAD@bia.gov> |
| **Cc** | <richardsonke@prc.gov>, Kanyon Sayers-Roods <ksr@costanoan.org>, <foia@bia.gov>, <FOIA@doioig.gov>, <admin@indiancanyonlife.org>, <merri.lopezkeifer@doj.ca.gov>, <aliu@rpflegal.com>, Sharma Ishita <sharma.ishita@rpflegal.com>, <rdintaman@gmail.com>, <as-ia_foia@bia.gov> <cheinz@costanoan.org>, <tbishop@costanoan.org>, <vicasada@cosb.us>, <gbarton@cosb.us>, <chooper@cosb.us> |
| **Date** | 2022-06-29 16:29 |
| **Priority** | Highest |

- 📎 Roods v. Machado Hearing Transcript (6-14-2022) 061622TRIBAL.pdf (~217 KB)
- 📎 Roods v. Machado - Emergency Motion for Leave on (Second) Amended Proposed Order.pdf (~287 KB)
- 📎 Roods v. Machado - 2nd Amended Proposed Order.pdf (~270 KB) 📎 Roods v. Machado - Doc. 16-3 (USPS Inspector General Declaration).pdf (~369 KB)
- 📎 31-1.pdf (~728 KB) 📎 31-main.pdf (~2.1 MB) Roods v. Machado - Docket Summary (6-27-2022).pdf (~2.3 MB)
- 📎 Costanoan Indians of Indian Canyon Letter to BIA (6-29-2022).pdf (~454 KB)

Dear Mr. Durham (BIA-WX/RO Director),

Dear Mr. LaCounte (B.I.A. Director),

Dear Mr. Lorenz (BIA Special Agent),

This electronic transmission comes to your immediate attention under priority status on behalf of the Costanoan-Chualar Indian Tribal Community of Indian Canyon, respective to the above-entitled subject line (*In re: [**Priority**] Issue on Indian Canyon Reservation (Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD)*), and a phone conversation I had today with San Benito Co. deputy district attorney Mr. Barton, who tells me that the Bureau of Indian Affairs has expressed that they have a particular interest in the investigation or prosecution of tort or criminal offenses

Presently the federal court in San Jose has placed this extraordinary issue in controversy in a holding pattern. However, if you take a look at the email attachments, you will see the following court documents:

1. Court transcript from 6/14/2022 oral hearing (*Sayers-Roods et al. v. Machado*).

2. Emergency Motion for Leave on Second, Amended Proposed Order (E.C.F. Doc. 32)

3. Second, Amended Proposed Order for Removal to State of Claims #1 & #3, and TRO for Claim #2 (re USPS rural mailbox & other USPS interests according to Doc. No. 16-3 (USPS declaration on federal agency jurisdiction).[Doc. No. 16-3 is hereto as an attachment, also].

4. Case Docket Summary Report for Sayers-Roods v. Machado, USDC-CAND 5:22-cv-03092-EJD.

5. Defendant Machado's (unsound) response motion wherewith she purports to be a sovereign citizen or entity under copyright [Notice that the E.C.F. Clerk does not acknowledge entry of appearance of Ms. Machado as a case party Pro Se or represented by legal counsel upon her Doc. 31 court filing shown in the record (referring to the case docket report of 6/26/2022 hereto as an attachment)].

Based on the five attachments referenced herein above, the tribal council and county DA are left powerless to uphold the federal statutory laws under 28 U.S.C. 1360, whereby Honorable U.S. District Judge Davila concurs in his show cause order, in addition to the oral judicial determination [see court 6/14/2022 transcript], that both the Indian tribal council and state-county officials had jurisdiction to remove Ms. Machado from Indian Canyon.

However, today's phone conversation with the San Benito County district attorney affirms that B.I.A. continues to preserve its claim to jurisdiction on this Indian Canyon-Machado issue in controversy-in-chief. Moreover, USPS postal inspector's criminal unit has declared likewise [Doc. No. 16-3 attachment]. As I understand, legally, the U.S. Attorney or U.S. District Court is the only federal authority that can issue injunctive relief against subject-offender Machado. Such an order would come at the behest of the federal agent in charge of such a criminal or civil action.

Therefore, I submit this administrative remedy request under 5 U.S.C. 551 et seq. and submit a courtesy copy of this correspondence to BIA-FOIA and DOI-FOIA under 5 U.S.C. 552 and tribal or state or federal officials with a particular interest in the subject-matter of this electronic transmission from this Tribal Council. Kindly provide the Court, Tribal Council, California State Attorney General (Indian Affairs), and San Benito County District Attorney with your intentions or status on the abovementioned matter. And, please submit a judicial notice of intervention on alternative dispute resolution or other administrative remedies to remove Ms. Machado from Indian Canyon once and for all.

Last weekend there was a 9-11 emergency call regarding an elderly, non-Native resident, Joseph Gorena of Indian Canyon Road. Seemingly Ms. Machado compelled him to allow her to be his caregiver, as is the former Ann Marie Sayers incident that resulted in physical violence, legal action, a Social Services reporting on elderly neglect and abuse, and other related tort caused upon Indian Canyon reservation, and Indian Canyon Road (non-Native) residents, tribal members, and tribal community personnel and tribal properties.

Thus, for unknown reasons, Ms. Machado refused to drive into town to pick up Mr. Gorena's refill prescription (an oxygen tank) he used to breathe. However, according to a phone call with Gorena's neighbor Ms. Patricia Baker, Machado would regularly drive into town to fetch hard alcohol for Gorena, as is the testimonial evidence of the Sayers elderly abuse report and civil actions shown in the government records. The San Benito County Sheriff managed to get Mr. Gorena to the hospital for a wellness check.

Overall, the Tribal Council and I, as the head of legal affairs for the Indian tribal land and community, have an fiduciary liability to ascertain our residents, visitors, tribal members, and personnel are safe and law abiding under the constitutions of our tribal band and the U.S., Federal Indian Law under DOI, and any applicable Act of Congress (e.g., Public Law 280; 28 U.S.C. 1360). Moreover the integrity and reputation of Tribe and Tribal Community continue to be at risk while Machado remains on the Indian county, interfering with federal U.S. mail properties, tribal community mail, tribal affairs and business interests with other government agencies, in addition to commandeering homes of tribal member- one being the cabin home of Ann-Marie Sayers, where Machado was when the process server delivered court papers to Machado.

<NOTE: A copy of this letter on official letterhead of Tribal Council is annexed as an attachment hereunto.>

--



Cary Peterson
Chief Counsel

Costanoan Indian Research Inc.,
Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,
Costanoan-Chualar Indian Tribal Community of Indian Canyon
1 Indian Canyon Road
Hollister, CA 95024
(831) 531-0055 ext. 23
clpeterson@costanoan.org
www.costanoan.org