Kanyon Sayers-Roods
1 Indian Canyon Road
Indian Canyon
Hollister, CA 95024
831.531.0055 (tel)
ksr@costanoan.org (email)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANYON SAYERS-ROODS, POWER OF ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON & KANYON SAYERS-ROODS (IN AN INDIVIDUAL CAPACITY), <br><br> Plaintiff(s), <br><br> vs. <br><br> MARLENE RITA MACHADO, <br><br> Defendant. | **Case No. 5:22-CV-03092-EJD** <br><br> PLAINTIFF'S EXPEDITED MOTION FOR CLARIFICATION PURSUANT TO 28 U.S.C. 1331, 1651, & FED. R. CIV. P. 60(A) |

## EXPEDITED MOTION

On this 21st day of July, 2022, I, Kanyon Sayers-Roods ["PLAINTIFF"; PRO PER], in an individual capacity, and as Power-of-Attorney of Ann-Marie Sayers (75) of the Costanoan Indians of Indian Canyon, submit this Motion in efforts to

respectfully and expeditiously move the Court on the above-styled caption, with respect to Doc. 38's judicial order issued by the Honorable Edward J. Davila on July 8, 2022. Thus, D.I. 38 at 2, line 20 constitutes merit for this motion's for exigent relief under Rule 60(a) [FRCP 60] prior to this Court examining the other federal questions submitted by Plaintiff.

## BACKGROUND FACTS

1.  <u>U.S. District Court Order</u>: On July 8, 2022 the judicial determination was made to dismiss Plaintiff Sayers-Roods's tort claims due to this Court having jurisdiction on such cause claims under 28 U.S.C. 1360(a). Moreover, U.S.D.J. Edward J. Davila states [D.I. 38 at 2, lines 19-24] (*in haec verba*): *"To the extent the title of the claim suggests interference with tribal activities, the claim should be resolved by the Constanoan Tribal Court in the first instance. See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 18 (1987).* "Tribal authority over the activities of non Indians on reservations lands in an important part of tribal sovereignty." *Id.* "Civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute."

2.  <u>Tribal Court Order</u>: On July 13, 2022, respective to U.S.D.J. Davila's Doc. 38 court order, the Honorable Chief Justice Cary Peterson of the Costanoan-

MOTION FOR CLARIFICATION                             2

Chualar Indians Tribal Court issued a permanent order of restraint [D.I. 40] against Defendant Marlene Machado, a non-Indian who was trespassing and had committed various criminal offenses within the Costanoan-Chualar Indian Tribal Community of Indian Canyon between on or about April 23, 2022, and July 15, 2022.

3. <u>Enforcement of Tribal Court Order</u>: On July 15, 2022, with the assistance from the San Benito County District Attorney's Office and the San Benito County Sheriff, Plaintiff Kanyon Sayers-Roods, who is President and Chairwoman of the Costanoan Indian Tribal Community of Indian Canyon, and Chief Justice and Chief Counsel Cary Peterson of the Costanoan Indian Tribal Community of Indian Canyon, served Defendant Machado with the Costanoan Tribal Court's order [D.I. 40] and demanded that she leave from the Costanoan Indians tribal nation immediately. This legal action by the tribal court was pursuant Judge Davila's Doc. 38 Order issued in accordance with 28 U.S.C. 1360.

**RELATED CASE LAW & FEDERAL STATUTES**

<u>Case Law Reference 1</u>.  *United States v. Cooley*, 947 F.3d 1215, 1225 (9th Cir. 2020): "*This case involves an unusual factual scenario and a technical issue of Indian tribal authority...*"*Tribal authority over the activities of non-Indians on*

MOTION FOR CLARIFICATION

reservation lands is an important part of tribal sovereignty." Iowa Mut. Ins. Co. v. LaPlante , 480 U.S. 9, 18, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987)." [<u>LaPlante</u> cited in U.S.D.J. Davila's Doc. 38 Order at p. 2, line 21]

<u>Statutory Authority 1.</u>  <u>28 U.S.C. 1360</u>:  "[subsection (a)] *Each of the States listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State…*[subsection (c)] *Any tribal ordinance or custom heretofore or hereafter adopted by an Indian tribe, band, or community in the exercise of any authority which it may possess shall, if not inconsistent with any applicable civil law of the State, be given full force and effect in the determination of civil causes of action pursuant to this section.*"

<u>Statutory Authority 2.</u>  <u>28 U.S.C. 1301</u>: [subsection (1)] "*Indian tribe"* means any

MOTION FOR CLARIFICATION

4

*tribe, band, or other group of Indians subject to the jurisdiction of the United States and recognized as possessing powers of self-government;*

[subsection (2)] *"powers of self-government" means and includes all governmental powers possessed by an Indian tribe, executive, legislative, and judicial, and all offices, bodies, and tribunals by and through which they are executed, including courts of Indian offenses; and means the inherent power of Indian tribes, hereby recognized and affirmed, to exercise criminal jurisdiction over all Indians;*

[subsection (3)] *"Indian court" means any Indian tribal court or court of Indian offense."*

## FEDERAL QUESTIONS

Plaintiff respectfully moves this Court on federal question(s) under 28 U.S.C. 1331, and 1651 (All Writs Act) on whether this court's Doc. 38 order [D.I. 38 at 2, lines 9-24]:

[Question 1:] inadvertently referred to the 'Costanoan Tribal Court of the Costanoan-Chualar Indian Tribal Government of Indian Canyon' as "Constanoan Tribal Court" (bearing in mind that the plaintiff's official capacity of the instant case, at all times, was captioned on record as 'Kanyon Sayers Roods, Power of

Attorney of Ann-Marie Sayers of the Costanoan Indians of Indian Canyon'; and the Costanoan Tribal Court's order demonstrates likewise [cf. Doc. No. 40].

[Question_2:] referenced "*Constanoan Tribal Court*" [D.I. 40 at 2] under the same meaning as the term 'tribal court' in [an Act of Congress] 25 U.S.C. 1301 ("*Indian court" means any Indian tribal court or court of Indian offense.*" 25 U.S.C. 1301(3), or an imminent or fictitious 'Indian' tribunal associated with a quasi-Indian tribal band that is not under 25 U.S.C. 1301(3).

[Question_3:] was issued primarily to uphold, Title 28, Section 1360, United States Code (an Act of Congress), whereby is respective to Indian tribal courts or tribal governments within the State of California under an Act of Congress [28 U.S.C. 1360].

## RELIEF SOUGHT

Plaintiff respectfully moves this Court on an order pursuant to the proposed order or a reasonable alternative thereof respective to Fed. R. Civ. P. 60(a).

# CONCLUSION

Thereby, for the reason set forth above, Plaintiff's Motion hereunto should be granted by the Court.

Dated this day 21st of July, 2022.

                                          s/ Kanyon Sayers-Roods
                                          By: Kanyon Sayers-Roods,
                                          PLAINTIFF FOR PARTIES

MOTION FOR CLARIFICATION

# CERTIFICATE OF SERVICE

On this 21st day of July 2022, Plaintiff Kanyon Sayers-Roods has caused this Motion to be filed with the Clerk of Court of the U.S. District Court (CAND), and served to parties of the instant case.

 __7/21/2022_____                             _s/ Kanyon Sayers-Roods_____

Date                                             By: Kanyon Sayers-Roods, Plaintiff


cc:  San Benito County District Attorney;

　　　Legal@Costanoan.Org;

　　　Bureau of Indian Affairs;

　　　Department of the Interior;

　　　Robert Peterson & Fields Associates PC ; and

　　　California Attorney General (Indian Affairs)