IN THE TRIBAL COURT

OF THE COSTANOAN-CHUALAR INDIAN TRIBAL COMMUNITY

OF INDIAN CANYON

| | |
|---|---|
| HONORABLE TRIBAL CHAIRWOMAN KANYON SAYERS-ROODS OF THE COSTANOAN-CHUALAR INDIANS OF INDIAN CANYON, <br> Plaintiff, <br><br> v. <br><br> MARLENE RITA MACHADO; & JANE DOE (in an individual or official capacity) <br> Defendants. | Case No. 22-CR-001 <br><br> (AMENDED) ORDER OF RESTRAINT PURSUANT TO 28 U.S.C. 1360, & 25 C.F.R. 11.450(a), 170 ET SEQ.; & ISSUANCE OF ARREST WARRANT PURSUANT TO 25 C.F.R. 11 ET SEQ. |

(AMENDED) PERMANENT ORDER OF RESTRAINT

On this 29th day of July, 2022, pursuant to U.S. District Court's *Doc. 38 Order* [Exhibit A], this Tribal Court issues a judicial order for motion *sua sponte* on (Amended) Permanent Order of Restraint against Defendant Marlene Rita Machado, a non-Indian trespasser and criminal offender dwelling and trespassing on Indian Canyon Road of the Costanoan Indian Tribal Community of Indian Canyon, notwithstanding that she was previously served an Order of Restraint by Tribal Council and asked to

not to return to Indian Canyon Road without authorization from Tribal Council, in the presence of the two officers from the San Benito County Sheriff's office, on or about July 13, 2022.

Since the aforesaid day when this judicial order was duly issued by this Court and served by Tribal Council, Defendant Marlene Machado has habitually defied this court order. Her misdemeanor has ran afoul insofar that she has been reported and recorded by Tribal personnel to have returned to Indian Canyon Road multiple times since the first restraining order was served, stolen and destroyed 'No Trespassing Signs' purchased and installed by Tribal Council this week [Exhibit B], flouted Tribal Council's decree to not return to the Indian Country without authorization from Tribal Council, and incited an (unnecessary) issue in controversy amount Tribal Council, and local and state officials.

---

[1]"*Title 25, Part 170 of the Code of Federal Regulations ("Roads of the Bureau of Indian Affairs") makes clear that a BIA road is considered an "Indian reservation road," 25 C.F.R. Section 170.1. This is so even where a road serves both Indian and non-Indian land, see id. at Section 170.7, and even though BIA roads are generally open to public use, id. at Section 170.8. BIA roads are constructed on reservations "to provide an adequate system of road facilities serving Indian lands," id. at Section170.3, and are held by the BIA in trust for the benefit of the tribe, see United States v. Mitchell, 463 U.S. 206, 224 (1983). An "Indian reservation road" serving Indian land and held in trust for a tribe is a "tribal road.""* Mcdonald v. Means, 99-36166oa (9th Cir. Aug. 14, 2002).

---

THEREFORE, IT IS HEREBY ORDERED THAT THE EARLIER ORDER OF RESTRAINT BE AMENDED AS FOLLOWS:

1.	Defendant Machado is permanently prohibited from dwelling, residing, visiting, or entering the physical limits of Indian Canyon Ranch.

2.	Defendant Machado is permanently enjoined from having physical or virtual via proxy communication or access to any phone, mailbox, email account, intellectual property, or properties held exclusively by tribe members Ann-Marie Sayers, Kanyon Sayers-Roods, or Christopher Sayers; or any official at the Tribal Council of the Costanoan Indian Tribal Community of Indian Canyon.

3.	 Defendant Machado is permanently enjoined from traveling on Indian Canyon Road by vehicle or foot without receiving authorization from Tribal Council in advance [supra. *McDonald v. Means*].

4.	Defendant Machado, or any person or organization in concert and participation with Defendant Machado under *Restatement (Second) of Torts § 876*, shall be fined the amount of $5,000 pursuant to 25 C.F.R. 11.450(a) for every time Defendant Machado is caught trespassing on Indian Canyon Road, or within the limits of Indian Canyon Ranch.

---

[2]"*[T]he Restatement of Torts states: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. . . ." Restatement (Second) of Torts § 876 (1979) (emphasis added)." Doe I v. Unocal Corp.*, 395 F.3d 932 (9th Cir. 2002).

---

IT IS FURTHER ORDER THAT:

1.	Tribal Police are authorized to use force if necessary to detain

Defendant Machado or any person in concert and participation with Defendant Machado's misdemeanor under this Order, in the event this Order is violated in part or whole.

THEREBY THIS ORDER ON ISSUANCE OF ARREST WARRANT WITHIN TRIBAL COURT'S JURISDICTION IS HEREBY ISSUED AND SHALL BE ENFORCED IN FAVOR OF PLAINTIFF SAYERS-ROODS'S MOTION TO AMEND THE INITIAL ORDER OF RESTRAINT.

Additionally, shall this Order be served to Defendant Machado and copied to state, federal, and city officials with a particular interest in this legal action.

Lastly, if any arrest be made under this Order, Plaintiff or Plaintiff's subordinates shall duly execute the arrest pursuant to 25 C.F.R. 11 et seq., whereby shall include detaining Defendant Machado, notifying the San Benito County Sheriff, and keeping the detainee in safety amid waiting for the sheriff to remove her from Indian Canyon.

Date: June 29, 2022

_____
Cary L. Peterson, LL.D.
Chief Justice of Tribal Court
of the Costanoan Indian Tribal Community of Indian Canyon
Office of Honorable Tribal Chairwoman & President,
Kanyon Sayers-Roods

# EXHIBIT A

U.S.D.J. Davila's Doc. 38 Order (CAND, July 2022)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KANYON SAYERS-ROODS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARLENE RITA MACHADO,<br><br>Defendant. | Case No. 5:22-cv-03092-EJD<br><br>**ORDER DISMISSING CLAIMS WITH LEAVE TO AMEND** |

Pro se plaintiff Kanyon Sayers-Roods (hereinafter referred to as "Plaintiff") filed this action on May 26, 2022 as power of attorney on behalf of her mother, Ann-Marie Sayers, and also in her individual capacity. Dkt. No. 1. The suit concerns claims by an Indian plaintiff against a non-Indian defendant arising from events occurring in Indian country. *Id*. On June 1, 2022, the Court issued an Order to Show Cause re Jurisdiction directing Plaintiff to file a written response by June 7, 2022 and to appear before the Court on June 9, 2022, at 10:00 a.m., to show cause why the Court possesses jurisdiction over the claims asserted in the complaint. Dkt. No. 12. That same day, Plaintiff filed an Amended Complaint. Dkt. No. 13. On June 6, 2022, Plaintiff filed, among other things, a response to the Order to Show Cause (Dkt. No. 16), and an "Emergency Motion for Leave on Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201(c)(2)" (Dkt. No. 18). The Court conducted a hearing as scheduled on June 9, 2022.

The Court lacks jurisdiction. The Amended Complaint asserts four bases for federal question jurisdiction in this action: 15 U.S.C. § 1116, 18 U.S.C. § 1151, "the Property Clause of the U.S. Constitution," and Article I, section 8, clause 3 of the U.S. Constitution. Dkt. No. 13 at 2.

Case No.: 5:22-cv-03092-EJD
ORDER OF DISMISSAL

1

Title 15 U.S.C. § 1116 concerns injunctive relief in a federal trademark infringement case, however, Plaintiff does not appear to be asserting any trademark-related claims, commonly referred to as the Commerce Clause. Title 18 U.S.C. § 1151 provides a definition of "Indian country," but does not mention federal district court jurisdiction. The Property Clause does not discuss federal district court jurisdiction. The Commerce Clause states that Congress shall have the Power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, sec. 8, cl. 3. Like the Property Clause, the Commerce Clause does not discuss federal district court jurisdiction.

The claims do not suggest any other basis for federal question jurisdiction. Claim #1, entitled "Tort of Intimidation and Stalking at Healthcare Facility," appears to be a tort claim and Plaintiff acknowledges that pursuant to 28 U.S.C. § 1360(a),[1] the claim ought to be filed in state court. *See* Dkt. No. 17 at 6. Claim #2, entitled Tortious Interference with USPS Rural Route Mailbox and Incoming U.S. Mail," is not a legally viable claim. *See Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (there is no separate private right of action for mail fraud under federal law). Claim #3 is entitled "Tortious In[ter]ference with Tribal Activities, Personnel, and Property within the limits of Indian Canyon," and is based on allegations of intimidation, harassment, false representation, assault, battery, and a physical attack. These allegations suggest Plaintiff is asserting a tort claim. As stated previously, Plaintiff may file tort claims in state court. To the extent the title of the claim suggests interference with tribal activities, the claim should be resolved by the Constanoan Tribal Court in the first instance. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987). "Tribal authority over the activities of non-Indians on reservations lands in an important part of tribal sovereignty." *Id*. "Civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute." *Id*.

---

[1] Section 1360(a) provides that state courts "shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in . . . [a]ll Indian country within [California]."

Case No.: 5:22-cv-03092-EJD
ORDER OF DISMISSAL
2

Accordingly, the first claim is **dismissed without prejudice** to pursue the claim in state court. The second claim is **dismissed without leave to amend.** The third claim is dismissed **without prejudice** to file the claim in state court. If Plaintiff is able to assert a different claim over which this Court may exercise jurisdiction, she may file a second amended complaint no later than July setting forth that claim or claims no later than August 8, 2022.

Again, the Court encourages Plaintiff to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants. Although the Program does not provide legal representation, the Program may be able to locate a pro bono counsel willing to assist Plaintiff with the case. The Program's phone number is (408) 297-1480. More information on the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

**IT IS SO ORDERED.**

Dated:  July 8, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-03092-EJD
ORDER OF DISMISSAL

3

# EXHIBIT B

Photos of 'No Tresspassing' Signage Installed
Along Indian Canyon Road
(fineprint is citing *McDonald v. Means*); and
Photos of Defendant Machado in Vehicle Parked
Alongside Indian Canyon Road from July 13-29, 2022

Indian
CANYON
Nation
Costanoan-Chualar Indian Tribal Community of Indian Canyon
WARNING
No Trespassing
Private Indian Country
YOU ARE DRIVING ON INDIAN CANYON ROAD. Title 25, Part 170 of the Code of Federal Regulations ("Roads of the Bureau of Indian Affairs") makes clear that a Bureau of Indian Affairs (BIA) road is considered an "Indian reservation road," 25 C.F.R. Section 170.1. This is so even where a road serves both Indian and non-Indian land, see id. at Section 170.7, and even though BIA roads are generally open to public use, id. at Section 170.8. BIA roads are constructed on reservations "to provide an adequate system of road facilities serving Indian lands," id. at Section170.3, and are held by the BIA in trust for the benefit of the tribe, see United States v. Mitchell, 463 U.S. 206, 224 (1983). An "Indian reservation road" serving Indian land and held in trust for a tribe is a "tribal road." Mcdonald v. Means, 99-36166oa (9th Cir. Aug. 14, 2002).
SPEED
LIMIT











