Kanyon Sayers-Roods, Plaintiff
1 Indian Canyon Road
Indian Canyon, CA 95024
(831) 531-0055
ksr@costanoan.org

In re: *Sayers-Roods v. Machado*, No. 22-cv-03092-EJD

# EXHIBIT C

Email Communication Between Costanoan-Chualar Indian Tribal Council and San Benito County Officials Concerning Deferndant Marlene Machado Trespassing & Accessing RV Camper Not Registered in Her Name (Owner: R.F. Blaine)

8/5/22, 6:17 PM                           Roundcube Webmail :: Re: [re Costanoan Tribal Council Response - County Council (re: Question on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD   Document 48   Filed 08/05/22   Page 2 of 10

# Re: [re Costanoan Tribal Council Response - County Council (re: Question on Overreaching, et seq.)] Machado



| | |
|---|---|
| **From** | Peterson, Cary (Costanoan.Org - Legal Affairs) <legal@costanoan.org> |
| **To** | Barbara Thompson <BThompson@cosb.us> |
| **Cc** | <ksr@costanoan.org>, <cheinz@costanoan.org>, <tbishop@costanoan.org>, <lkuck@costanoan.org>, <clpeterson@costanoan.org>, Isharma <isharma@costanoan.org>, <merri.lopezkeifer@doj.ca.gov>, <as-ia_foia@bia.gov>, <jesse.abernathy@bia.gov>, Chooper <chooper@cosb.us> 2 more... |
| **Date** | 2022-07-25 21:10 |
| **Priority** | Highest |

📎 Indian Canyon Road - Google Maps.png (~225 KB)

Ms. Thompson,

You wrote:

*Despite my request,* **[1]** *you have failed to provide satisfactory information to show that the tribal court has jurisdiction outside tribal land,* **[2]** *that the tribal court order was properly issued, or* **[3]** *that the tribal court has authority to exclude Ms. Machado from accessing non-Indian property via Indian Canyon Road.*

1. **The Ninth Circuit says:** ""*Title 25, Part 170 of the Code of Federal Regulations ("Roads of the Bureau of Indian Affairs") makes clear that a BIA road is considered an "Indian reservation road," 25 C.F.R. Section 170.1. This is so even where a road serves both Indian and non-Indian land, see id. at Section 170.7, and even though BIA roads are generally open to public use, id. at Section 170.8. BIA roads are constructed on reservations "to provide an adequate system of road facilities serving Indian lands," id. at Section170.3, and are held by the BIA in trust for the benefit of the tribe, see United States v. Mitchell, 463 U.S. 206, 224 (1983). An "Indian reservation road" serving Indian land and held in trust for a tribe is a "tribal road."" Mcdonald v. Means*, 99-36166oa (9th Cir. Aug. 14, 2002).

Ms. Thompson: You've been educated about this (irrefragable) judicial precedent of the Ninth Circuit since our first discussion last Friday and told many times since then, as is your county official colleagues. Saying that Indian Canyon Road or the roadside of such a road where abandoned R.V. lies (accessed by a non-Indian, non-RV owner) bears no wiggle room to raise an argument to circumvent or 'work around' the Ninth Circuit's ruling as to 'Indian reservation roads.

   Moreover, The image attachment from Google Maps clearly shows where Indian Canyon Road starts and stops. Therefore any transit on this road by someone not welcomed by our tribal council would be considered a trespasser. There are no two ways to do it.

8/5/22, 6:17 PM                     Roundcube Webmail :: Re: [Re: Costanoan Tribal Council Response - County Counsel, re: Question on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD Document 48 Filed 08/05/22 Page 3 of 10

2. I am the chief justice of the Costanoan Tribal Court. The Honorable U.S. District Judge Davila acknowledged the existence of our tribal court under a sovereign tribal government according to the Supreme Court case law cited in his order. I am not sure how someone who understands general law cannot understand Judge Davila's language in his federal order. Additionally, the tribal court order I issued in turn to Judge Davila's order was crystal clear and duly served with your county sheriff's assistance.

   In addition, the language referring to the Costanoan Tribal Court is according to 25 U.S.C. 1301 (https://www.law.cornell.edu/uscode/text/25/1301#:~:text=(1),(2)). This is an Act of Congress that neither U.S. Rep Mike Thompson, yourself as a state-county official, myself as a registered solicitor for Congress, or anyone can trump or overrule without the majority vote from the U.S. Senate. Thus, Judge Davila's order upholds the mentioned Acts of Congress or definition under such statutes.


3. Ms. Machado is welcome to loiter, dwell, and roam throughout your county as a private citizen. However, the second she steps foot or drives a tire onto my superiors' Indian country or reservation roads, my tribal government's jurisdiction will immediately become effective. I was very clear about this from our first conversation.


In conclusion, this quasi-representation for Ms. Machado shall be discussed among the judicial officials in your county, my tribal council, B.I.A., and the U.S. District Court if we keep having these issues that negate our tribal government's jurisdiction acknowledged by the Federal court.


Respectfully,

---



Cary Peterson
Chief Counsel
Costanoan Indian Research Inc.,
Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,
Costanoan-Chualar Indian Tribal Community of Indian Canyon
1 Indian Canyon Road
Hollister, CA 95024
(831) 531-0055 ext. 23
clpeterson@costanoan.org
www.costanoan.org

On 2022-07-25 19:48, Barbara Thompson wrote:

> Mr. Peterson,
>
> I represent the County of San Benito, and specifically, the Sheriff's Office, not Ms. Machado.  I have no personal relationship with Ms. Machado; my first time speaking with her was on Friday.  My entire focus is in ensuring the County takes legally appropriate action in the dispute between the parties.  Your email is complete with misstatements not addressed here.  However, I clarify again: without further information, the County will not take law enforcement action enforcing the July 13, 2022, tribal court order.  Despite my request, you have failed to provide satisfactory information to show that the tribal court has jurisdiction outside tribal land, that the tribal court order was properly issued, or that the tribal court has authority to exclude Ms. Machado from accessing non-Indian property via Indian Canyon Road.
>
> I have <u>not</u> indicated that Ms. Machado has the *right* to trespass on Indian country.  However, there is significant doubt that the "Order of Restraint" is a lawful order, especially as applied.  Your legal analysis is inaccurate and incomplete.
>
> Legal remedies exist under California law for the conduct for which Ms. Sayers-Roods unsuccessfully sought relief in the United States District Court for the Northern District of California.  She is advised to seek counsel by an attorney licensed to practice law in California.  Likewise, Marlene Rita Machado may have legal remedies arising from the events set forth in these proceedings.  This office represents the County of San Benito and its agencies including the Sheriff and District Attorney and will take no action on behalf of either party to the federal action.
>
> Sincerely,
> Barbara Thompson
>
>
> Barbara Thompson
> County Counsel
> County of San Benito
> 481 4th St., 2nd Floor
> Hollister, CA 95023
> (831) 636-4040, ext. 12 (phone)
> (831) 636-4044 (fax)
>
>
>
> The information contained in this transmission is confidential information protected by the attorney-client privilege and/or the attorney work product doctrine.  It is intended only for the use of the individual or entity to which it is addressed and the confidentiality is not waived by virtue of this having been transmitted by e-mail.  Any review, retransmission, dissemination, copying or other use of, or taking any action in reliance upon, this information by

8/5/22, 6:17 PM  Roundcube Webmail :: Re: [re: Costanoan Tribal Council Response - County Counsel (re: Question on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD Document 48 Filed 08/05/22 Page 5 of 10

individuals or entities other than the intended recipient is prohibited. If you have received this communication in error, please notify the sender immediately and delete the material from any computer.

---

**From:** Peterson, Cary <cap119@g.harvard.edu>
**Sent:** Monday, July 25, 2022 11:04 AM
**To:** Barbara Thompson <BThompson@cosb.us>
**Cc:** Supervisors <supervisors@cosb.us>; Supervisor Bea Gonzales <supervisorgonzales@cosb.us>; merri.lopezkeifer@doj.ca.gov; Vanessa Delgado <VDelgado@cosb.us>; George Barton <GBarton@cosb.us>; legal@costanoan.org; clpeterson@costanoan.org; Isharma <isharma@costanoan.org>; as-ia_foia@bia.gov; jesse.abernathy@bia.gov
**Subject:** Fwd: [Resent (7/25/2022)] Fwd: [Costanoan Tribal Nation Response to S.B. County Counsel] Re: Machado

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Ms. Thompson,

As a courtesy I am forwarding Costanoan-Chualar Indian Tribal Council's response to you from my personal email account since you claim to not have received it after it was emailed to you and others at the San Benito County's commissioner and district attorney's offices since yesterday. Additionally, a copy of this (resent) response email message is attached hereunto.

Further, any official correspondence hereinafter should be sent to legal@costanoan.org. This is my personal email account which I do not use for duties in official capacity.

Regards,

Cary Peterson
Chief Counsel
Costanoan Indian Research Inc.,
Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,
Costanoan-Chualar Indian Tribal Community of Indian Canyon
1 Indian Canyon Road
Hollister, CA 95024
(831) 531-0055 ext. 23


---------- Forwarded message ---------
From: **Peterson, Cary (Costanoan.Org - Legal Affairs)** <legal@costanoan.org>
Date: Mon, Jul 25, 2022 at 10:53 AM
Subject: [Resent (7/25/2022)] Fwd: [Costanoan Tribal Nation Response to S.B. County Counsel] Re: Machado [***EXTERNAL COMMUNICATION***]
To: Barbara Thompson <BThompson@cosb.us>

8/5/22, 6:17 PM                    Roundcube Webmail :: Re: [Costanoan Tribal Council Response - County Counsel (re: Question on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD   Document 48   Filed 08/05/22   Page 6 of 10

Cc: Kanyon Sayers-Roods <ksr@costanoan.org>, Cheinz <cheinz@costanoan.org>, Tbishop <tbishop@costanoan.org>, Chooper <chooper@cosb.us>, Gbarton <gbarton@cosb.us>, Vicasada <vicasada@cosb.us>, Info <info@sbcsheriff.org>, Merri Lopezkeifer <merri.lopezkeifer@doj.ca.gov>, <lkuck@costanoan.org>, <mayor@hollister.ca.gov>, <supervisorgonzales@cosb.us>, Chere Robinson <Chere_Robinson@cand.uscourts.gov>, Jesse Abernathy <jesse.abernathy@bia.gov>, <cap119@g.harvard.edu>, <vdelgado@cosb.us>, <supervisors@cosb.us>

Ms. Thompson,

This is an official response from our tribal nation sent to your State-County government, of which follows our phone conversations last Friday and Saturday. The text message you adhere to ['*last warning*'] tacitly articulated to you why your 'talking-out-of-school' argument is moot. [See court orders attached hereunto]

*"Title 25, Part 170 of the Code of Federal Regulations ("Roads of the Bureau of Indian Affairs") makes clear that a BIA road is considered an "Indian reservation road," 25 C.F.R. Section 170.1. This is so even where a road serves both Indian and non-Indian land, see id. at Section 170.7, and even though BIA roads are generally open to public use, id. at Section 170.8. BIA roads are constructed on reservations "to provide an adequate system of road facilities serving Indian lands," id. at Section170.3, and are held by the BIA in trust for the benefit of the tribe, see United States v. Mitchell, 463 U.S. 206, 224 (1983). An "Indian reservation road" serving Indian land and held in trust for a tribe is a "tribal road."*" Mcdonald v. Means, 99-36166oa (9th Cir. Aug. 14, 2002).

<You'd been sent this case law twice before today.>

Further, your questions, opinions, or allegations concerning tribal court order, or U.S. District Court's order are moot. the Honorable U.S. District Judge Edward Davlia issued an order that states:

"*To the extent the title of the claim suggests interference with tribal
activities, the claim should be resolved by the Constanoan Tribal Court in the first instance. See
Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 18 (1987). "Tribal authority over the activities of non-Indians on
reservations lands in an important part of tribal sovereignty." Id. "Civil jurisdiction over such activities
presumptively lies in the tribal courts unless affirmatively limited by a specific
treaty provision or federal statute." Id. 1 Section 1360(a) provides that state courts "shall have jurisdiction
over civil causes of action between Indians or to which Indians are parties which arise in . . . [a]ll Indian
country within [California]."*

Your email below states:

   1. a) that the land itself that Ms. Machado was evicted from was not "tribal land", but the tribe had control over the road;

      Re: We discussed this Friday when I educated you on *McDonald v. Means*. The RV in dispute is

8/5/22, 6:17 PM                    Roundcube Webmail :: Re: pez Estanoan Docuúment Response - County Counzel (re: Reoaction on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD Document 48 Filed 08/05/22 Page 7 of 10

alongside Indian Canyon Road. It's an Indian reservation road under *Means*. Your attempt to shoot for wiggle room respective to tax-land under Tribal Vice Chair and Director Anne Marie Sayers is moot. Whomever you're saying there is jurisdiction or merit to trespass on Indian country is entirely false. You, as a public official and officer of the court, told Defendant/Subject/Offender Marlene Machado this lie and aided and abetted her in causing criminal contempt on the tribal and federal courts' orders, whereby resulted in the Doc. 40 Order of Restraint that demanded she leaves our Indian reservation and never returns. The San Benito Sheriff made it very clear that they would arrest her under 28 USCS 1360(a) if she returned.

Federal Judge Davila upheld (Act of Congress) 28 USCS 1360(a) in his Doc. 38 Order. You told me Friday that you were unfamiliar with the *Sayers-Roods et al. v. Machado* court file, nor did you speak with the San Benito District Attorney's office before taking this matter into your own hands as a law enforcer. If you recall, I advised you to get familiar with the record (USDC, D.A.'s Office) before we continued any action or discussions.

You said you did not represent Ms. Machado as an attorney. I'm interested to know why you're acting on behalf of law enforcement or have the interest to negate two court orders. I spoke with the U.S. Marshal, San Benito County Commissioner's Office, San Benito Sheriff, and Hollister Mayor. Per these Saturday morning conversations, none of them authorized this legal action you're pursuing on behalf of Ms. Machado. Hence, this collusion woke me out of bed at 3:00 am last Saturday morning upon the reservation's interior manager Mr. Kuck calling me on emergent issues concerning Machado. Moreover, this behavior beyond the scope of your work title caused me a second abrupt series of calls on Saturday morning with the Hollister Mayor, U.S. Rep, county commissioner, U.S. Marshal, county sheriff's office, and our tribe's executive council members. This issue in controversy resulted in a lot of unnecessary discussions on an unauthorized legal action that was under the County D.A. and Tribal Community's discretion rather than yours.

2.

3. b) Ms. Machado did not receive any advance notice of the "tribal court" proceeding, only of the federal court proceeding;

   Re: We've discussed this already. You are representing Ms. Machado as a defense attorney. You were not at her oral hearing last month. The tribal chairwoman and myself were in an appearance at this hearing. Neither Ms. Machado or yourself were present upon the process server delivering the summons and notice of hearing to Ms. Machado. Again, please declare your capacity here (do you work for the county or Machado?). I suggest your file an amicus curiae, whether as a defense attorney for Machado or for the San Benito County, if you wish to challenge U.S.D.J. Davila's federal judicial order, or the tribal court order that I issued in turn of Judge Davila's order. I presume everyone copied in this email response will sort out whether your endeavor is a governmental or personal interest, whether it be via administrative action or a Fed subpoena.

4. c) Ms. Machado did not receive any advance notice of the eviction, other than the 15 minutes which was provided when you showed up at the property to evict her.

8/5/22, 6:17 PM    Roundcube Webmail :: Re: [pe_Costanoan Tribal Council Response - County Counsel (re: Question on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD   Document 48   Filed 08/05/22   Page 8 of 10

Re: The 15-minute removal was the sheriff's call that I cosigned as a courtesy upon duly serving Machado with the Order of Restraint. 'The property' belongs to Ann-Marie Sayers. The RV you mentioned in our phone call is parked alongside Indian Canyon Road. Your argument is moot. It is physically impossible to reach this point without touching Indian Canyon Road. Moreover, the DA confirmed that the RV Machado was accessing/residing was registered to Charles Francis. However, Mr. Francis is an unknown subject to our tribal community. Therefore, this property will be removed within 14 days (under CA law) from the date of our notice to Machado or deemed abandoned since the registered RV owner, Mr. Francis, is nowhere to be found.

This concludes this response. Please do not waste the government's time and resources on this legal action that appears to be a personal interest, whereby clearly negated court orders above your jurisdiction, disrupted public officials' private lives over this past weekend, and ultimately disrespected our Indian tribal community in the process. I will this informal issue in controversy your superior and the San Benito County DA hereinafter.

Regards,

---



Cary Peterson
Chief Counsel
Costanoan Indian Research Inc.,
Tribal Council of Chualar Tribe of the Costanoan-Ohlone People,
Costanoan-Chualar Indian Tribal Community of Indian Canyon
1 Indian Canyon Road
Hollister, CA 95024
(831) 531-0055 ext. 23
clpeterson@costanoan.org
www.costanoan.org

-------- Original Message --------
Subject: Fwd: Re: Machado
Date: 2022-07-24 23:57
From: "Peterson, Cary Lee " <clpeterson@rpflegal.com>
To: Legal <legal@costanoan.org>
Reply-To: clpeterson@rpflegal.com

8/5/22, 6:17 PM                    Roundcube Webmail :: Re: pre-Costanoan Tribal Council Response - County Counsel re: [caption overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD Document 48 Filed 08/05/22 Page 9 of 10

-------- Original Message --------

**Subject:** Re: Machado
**Date:** 2022-07-24 01:11
**From:** Barbara Thompson <BThompson@cosb.us>
**To:** Barbara Thompson <BThompson@cosb.us>, "clpeterson@rpflegal.com" <clpeterson@rpflegal.com>

Mr. Peterson:

I am responding to your text messages on today's date. My office believes that the land on which the trailer was located is not tribal land, but rather, is under private ownership. If this parcel is "tribal land", please provide documentation showing its current status. If not tribal land, please provide specific statutory authority to support enforcement of a tribal court eviction outside tribal land jurisdiction.

Additionally, if you have any information which indicates that Ms. Machado does not have the legal right to use the road to access the property on which she lived, please let me know.

Yesterday, you indicated to me on the telephone:

> a) that the land itself that Ms. Machado was evicted from was not "tribal land", but the tribe had control over the road;
> b) Ms. Machado did not receive any advance notice of the "tribal court" proceeding, only of the federal court proceeding;
> c) Ms. Machado did not receive any advance notice of the eviction, other than the 15 minutes which was provided when you showed up at the property to evict her.

The County will review any information you provide. Thank you.

Sincerely,

Barbara Thompson
County Counsel



Indian Canyon Road - Google Maps.png     ~225 KB

8/5/22, 6:17 PM                    Roundcube Webmail :: Re: [Re: Costanoan Tribal Council Response to Couty Council (re: Question on Overreaching, et seq.)] Mach…

Case 5:22-cv-03092-EJD Document 48 Filed 08/05/22 Page 10 of 10