1 Kanyon Sayers-Roods
2 1 Indian Canyon Road
3 Indian Canyon, CA 95024
4 ksr@costanoan.org
5 (831)531-0055
6
7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **IN THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| KANYON SAYERS-ROODS, POWER-OF-ATTORNEY FOR ANN-MARIE SAYERS OF THE COSTANOAN INDIANS OF INDIAN CANYON, ET AL.<br><br>Plaintiff(s),<br><br>vs.<br><br>MARLENE RITA MACHADO,<br><br>Defendant. | **Case No. 22-CV-03092-EJD**<br><br>MOTION TO COMPEL SUBPOENA WITNESS PURSUANT TO FED. R. CIV. P. 45 (RE: ECF DOC. NO. 45) |

11

12        MOTION TO COMPEL SUBPOENA WITNESS.

13 On this 19th day of August, 2022, Kanyon Sayers-Roods, Power of

14 Attorney for Ann-Marie Sayers of the Costanoan Indians of Indian

15 Canyon and Tribal Council President of the Costanoan-Chualar Indian

16 Tribal Community of Indian Canyon ("Plaintiff"; Pro Per), moves this

17 Court on the above styled caption, whereby is declared and submitted

1 under 28 U.S.C. 1746.

2

3 Thereby, Plaintiffs requests that the Court use its jurisdiction to uphold

4 the Federal Rules of Civil Procedures as to Subpoena Duces Tecum.

5     In support of this Motion, Plaintiff adheres to the fact that the

6 majority of the materials or documents request from Subpoena Witness

7 Custodian of Records for the Office of the San Benito County Counsel

8 were public records under the California Public Records Act (CPRA).

_____

[1] *"Section 6253(b) of the CPRA provides, in pertinent part: "Except with respect to public records exempt from disclosure by express provisions of law, each state or local agency, upon a request for a copy of records that reasonably describes an identifiable record or records , shall make the records promptly available to any person[.]" Cal. Gov't Code § 6253(b) (emphasis added). Section 6253(c) states, in pertinent part: "Each agency, upon a request for a copy of records, shall, within 10 days from receipt of the request, determine whether the request, in whole or in part, seeks copies of disclosable public records in the possession of the agency and shall promptly notify the person making the request of the determination and the reasons therefor." Id. § 6253(c)."*

Steinle v. City of S.F., 919 F.3d 1154 (9th Cir. 2019).
_____

9     Further, Doc. 45's Subpoena Witness's legal counsel, Barbara

10 Thompson, stated in a legal document that was not duly filed with the

11 court, that her office should not be required to comply with Plaintiff's

12 subpoena for public records from San Benito County privileged to any

13 private citizen under California Public Records Act. These public records

1  were respective to Plaintiff Sayers-Roods, Defendant Machado, Indian
2  Canyon Road, and Plaintiff's sovereign Indian tribal government
3  (Costanoan-Chualar Indian Tribal Community of Indian Canyon)
4  declared by Honorable U.S. District Court Edward J. Davila in Doc. 38
5  Order (p. 2, lines 19-24) on July 8, 2022.
6      Subpoena Witness San Benito County Counsel Barbara Thompson
7  responded with *ad hominem* claims as to Plaintiff, Plaintiff's tribal nation
8  (*Indian Canyon Nation of the Costanoan-Chualar Indians*), Judge
9  Davila's reasoning for issuing the Doc. 38 Order, and the authenticity of
10 the Costanoan Tribal Court [cf. 25 U.S.C. 1301], on (contrived) matters
11 'in belief' by a public official representing San Benito County of
12 California (beyond the scope of her employment contract), who had been
13 duly served a subpoena from the U.S. District Court to produce
14 documents or materials under Rule 45. Bear in mind that this subpoena
15 was specifically for public records in accordance with the California
16 Public Records Act. And, unlike the CPRA, Subpoena Witness San
17 Benito County Counsel Barbara Thompson had fifteen days to produce
18 such documents, as opposed to CPRA provisions that require such
19 delivery in ten days. After almost three weeks from this subpoena being
20 issued and served by Plaintiff, this witness has produced nothing but *ad*
21 *hominem* excuses as to why they will not comply with Rule 45.

_____

[2] "*Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure provides that a party may move for an order compelling an inspection of documents, and Rule 37(a)(4) provides that an evasive or incomplete response must be treated as a failure to respond. In response to a request for production of documents, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FRCP 34 (b)(2)(B). Rule 26 requires that a party withholding information under a claim of privilege or work product protection: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FRCP 26(b)(5)(A).*"

Fid. Nat'l Title Ins. v. Castle, No.: 11-CV-896 YGR (N.D. Cal. 2014).

_____

1  Nonetheless, San Benito County's objection was never filed with
2  the Court or duly served to Parties of the instant case on or before August
3  18, 2022. Thus, knowing that Plaintiff's subpoena *duces tecum* requested
4  materials or documents is likewise to the California Public Records Act,
5  it is conclusively presumed that Subpoena Witness San Benito County
6  Counsel Barbara Thompson went insofar to willfully evade the Court per
7  FRCP 37(a)(4), in efforts to defy FRCP 45, bearing in mind that she had
8  an unequivocal obligation to produce public records requested by
9  Plaintiff or the U.S. District Court, whereby are pertinent to the instant
10 case, and its parties' issue(s) in controversy that have overlapped into the
11 *Costanoan Tribal Court* upon Judge Davila's Doc. 38 Order. [See ECF

Doc. Nos. 40, 44 (*Tribal Court Orders* issued by Chief Justice Cary Lee Peterson of the Costanoan Tribal Court].

Further, Cary Lee Peterson, who was elected by Costanoan-Chualar Tribal Council to serve as Chief Counsel of Plaintiff's tribal nation and Chief Justice of Plaintiff's tribal justice court, and Subpoena Witness San Benito County Counsel Barbara Thompson, engaged in a telephonic, email, and SMS (text messaging) communication from on or about July 25, 2022, through August 18, 2022, as **"Exhibit A"** hereunto demonstrates.

Within this chain of communication over four weeks, Peterson's responses via email and phone to Thompson, who conceded to Peterson on a phone discussion with Peterson that she was unfamiliar with *Federal Indian Law,* went insofar *to* cite Ninth Circuit's precedent on *Indian reservation roads*' under *McDonald v. Means* (9th Cir. 2002), in efforts to educate Thompson on why a trespasser accessing Indian Canyon Road was exclusively a Federal and Tribal government interest. And, whereupon this precedent being ignored by this subpoena witness (who abetted or compelled the defiance of the tribal community police authority or the tribal court order in nexus with Judge Davila's *Doc. 38 Order*), Tribal Court Chief Justice Peterson amended the *Doc. 40 Tribal Court Order* [see *Doc. 44, Tribal Court Order*], adding "John Doe" as a co-defendant who [then] was an unidentified individual that was in-

1  concert or participation [See "*Restatement (Second) of Torts 876.*" supra.

2  D.I. 44 at 3 (citing *Doe I, 395 F.3d 932 (9th Cir. 2002)*)] with Defendant

3  Machado's trespassing on Indian Canyon Road and Indian Canyon

4  Nation, and burglary of a RV camper that Plaintiff Sayers-Roods's tribal

5  community had under their authority per the owner's consent [see D.I.

6  46], located on Indian Canyon Road.

_____

[3] "*Title 25, Part 170 of the Code of Federal Regulations ("Roads of the Bureau of Indian Affairs") makes clear that a BIA road is considered an "Indian reservation road," 25 C.F.R. Section 170.1. This is so even where a road serves both Indian and non-Indian land, see id. at Section 170.7, and even though BIA roads are generally open to public use, id. at Section 170.8. BIA roads are constructed on reservations "to provide an adequate system of road facilities serving Indian lands," id. at Section170.3, and are held by the BIA in trust for the benefit of the tribe, see United States v. Mitchell, 463 U.S. 206, 224 (1983). An "Indian reservation road" serving Indian land and held in trust for a tribe is a "tribal road.""*

Mcdonald v. Means, 99-36166oa (9th Cir. Aug. 14, 2002).
_____

7  Additionally, Tribal Court's Amended Order of Restraint contained

8  a judicial notice as to trespassing fines ($5,000 each time a trespasser

9  defies Tribal Court's restraining order) prescribed by Costanoan Tribal

10 Court. This court order was duly served to Defendant Machado, presented

11 to the San Benito County Sheriff (on or about August 29, 2022), and

12 copied via email to Ms. Thompson, San Benito County Sheriff, San

13 Benito County District Attorney, and the San Benito County

1  Commissioner. This notice included photos of 'no trespassing warning'
2  signage installed throughout Indian Canyon Road and Indian Canyon
3  Nation [see D.I. 44]. These 'no trespassing' signs include Ninth Circuit's
4  citation on "Indian reservation roads" under *McDonald v. Means*.
5  Evidence filed hereto this Motion, including Ms. Thompson's
6  *August 11, Objection Letter* [**"Exhibit B"** hereto this Motion], whereby
7  was at no time duly served to Parties of the instant case or filed with this
8  Court per a legal motion on (Nonparty) governmental agency intervention,
9  demonstrates a conclusive presumption that Ms. Thompson had no
10 intention to comply with Ninth Circuit's precedent as to 'Indian
11 reservation roads,' *inter alia* that flout and violate judicial statutes on a
12 tribal government's jurisdiction issued by this Court, and the Costanoan
13 Tribal Court under 28 U.S.C. 1360 (an Act of Congress), and 25 U.S.C.
14 1301 (another Act of Congress), or 28 U.S.C. Appx., Fed. R. Civ. P. 45
15 (another Act of Congress). This bad character evidence as to Barbara
16 Thompson of San Benito County's government shows direct or
17 circumstantial evidence that Thompson recklessly or willfully compelled
18 or abetted Defendant Machado, and San Benito County and California
19 State law enforcement officials, to commit new criminal acts on an Indian
20 tribal government's territory under 18 U.S.C. 1151, or *Mcdonald v.*
21 *Means*.

22                              <End of Page 7>

1

---

[4] "*Federal law defines "Indian country" to include, among other things, "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." 18 U.S.C. §1151.*"

Oklahoma v. Castro-Huerta, No. 21-429 (U.S. Jun. 29, 2022).

[5] "*The Supreme Court has long recognized that Indian tribes have sovereign powers, including the power to exclude non-tribal members from tribal land. See, e.g. , New Mexico v. Mescalero Apache Tribe , 462 U.S. 324, 333, 103 S.Ct. 2378, 76 L.Ed.2d 611 (1983). A tribe's regulatory authority derives from these sovereign powers…Indian tribes are 'unique aggregations possessing attributes of sovereignty over both their members and their territory.' " Montana , 450 U.S. at 563, 101 S.Ct. 1245 (quoting United States v. Wheeler , 435 U.S. 313, 323, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), superseded by statute on other grounds as recognized in United States v. Lara , 541 U.S. 193, 199–207, 124 S.Ct. 1628, 158 L.Ed.2d 420 (2004) ). They possess inherent "powers of self-government." 25 U.S.C. § 1301. "*

FMC Corp. v. Shoshone-Bannock Tribes, 942 F.3d 916 (9th Cir. 2019).

---

2 Testimony evidence from Plaintiff's tribal community police

3 officer (Gonzalez), who was hired via a licensed-security agency by

4 Plaintiff's tribal community on July 28, 2022, certified an affidavit

5 [**"Exhibit C"** hereto this Motion] that declares the following assertions

6 that would infer that Ms. Thompson, or one of her subordinates,

7 willfully violated a tribal court order of restraint as to Defendants

8 Marlene Machado and John Doe (a bad actor who was in-concert with

9 Defendant Machado), placed a tribal government's security guard

10 under duress or coercion while he was within a tribal government's

jurisdiction in an official capacity. Additionally, this evidence shows that, at the behest of Ms. Thompson, San Benito County Sheriff and California Highway Patrol used intimidation or force against Tribal Government Law Enforcement Officer Gonzalez, who was on duty in official capacity within Indian Canyon Nation's jurisdiction, to aid and abet (non-Indian) Defendant Machado's trespassing on Indian Canyon Road and Indian Canyon Ranch, and burglarize a RV camper under the Costanoan Tribal government's authority per *Blaire's Doc. 46 Affidavit* [D.I. 46].

Subpoena Witness San Benito County Counsel Barbara Thompson, a public official and an officer of the court, had no sufficient grounds to evade, shirk, or refuse complying with Fed. R. Civ. P. 45, or the California Public Records Act. Moreover, she had no lawful jurisdiction to command or compel that the county sheriff, country district attorney, or a state highway patrol officer, repeal, defy, or negate, a tribal court's or tribal government's jurisdiction. She just made a personal decision not to do so, beyond the scope of her employment for unknown reasons that created an public issue in controversy that has adversely affected an Indian tribal court [25 U.S.C. 1301], a sovereign tribal nation, the Federal Government, the State of California's government, the City of Hollister's government, and San Benito County's government- governmental bodies that have to no

other choice but to co-exist among one another due to their physical locations with the California territory and the Northern Federal District of California.

## SUPPORTING ATTACHMENTS.

1. Exhibit A: Document Showing Emails Between S.B. County Counsel Thompson & Costanoan Chief Justice Peterson (2022)
2. Exhibit B: Subpoena Objection Letter from S.B. County Counsel Thompson (Aug. 11, 2022)
3. Exhibit C: Affidavit of Tribal Police Officer Gonzalez (Aug. 2022)
4. Exhibit D: Legal Cease & Desist Notice to In-Concert Person of Defendant Machado (Aug. 2022)

## CONCLUSION.

For the foregoing reasons, Plaintiff respectfully moves this Honorable Court to enter an order compelling Subpoena Witness San Benito County Counsel Barbara Thompson (or a subordinate who is the Custodian of Records of San Benito County) to provide full and complete responses to Plaintiff's *Doc. 45 Subpoena Duces Tecum* under Fed. R. Civ. P. 45.

Thereby, on this 19th day of August, 2022, Plaintiff Kanyon Sayers-

1  Roods declare and submit the foregoing as true and correct, under

2  penalty of perjury pursuant to 28 U.S.C. 1746.

3

4                      s/ Kanyon Sayers-Roods

5                  KANYON SAYERS-ROODS, PLAINTIFF

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## CERTIFICATE OF SERVICE

On this 19th day of August, 2022, Plaintiff Kanyon Sayers-Roods has caused this Motion and Support Exhibits to be filed with the Clerk of Court at the U.S. District Court in the Northern District of California, and served to Defendant Marlene Machado.

| | |
|---|---|
| 8/21/2022 | s/ Kanyon Sayers-Roods |
| Date | Plaintiff |

1