UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KANYON SAYERS-ROODS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARLENE RITA MACHADO,<br><br>Defendant. | Case No.  5:22-cv-03092-EJD<br><br>**AMENDED ORDER DISMISSING CLAIMS WITH LEAVE TO AMEND** |

Pro se plaintiff Kanyon Sayers-Roods (hereinafter referred to as "Plaintiff") filed this action on May 26, 2022 as power of attorney on behalf of her mother, Ann-Marie Sayers, and also in her individual capacity. Dkt. No. 1. The suit concerns claims by an Indian plaintiff against a non-Indian defendant arising from events occurring in Indian country. *Id*. On June 1, 2022, the Court issued an Order to Show Cause re Jurisdiction directing Plaintiff to file a written response by June 7, 2022 and to appear before the Court on June 9, 2022, at 10:00 a.m., to show cause why the Court possesses jurisdiction over the claims asserted in the complaint. Dkt. No. 12. That same day, Plaintiff filed an Amended Complaint. Dkt. No. 13. On June 6, 2022, Plaintiff filed, among other things, a response to the Order to Show Cause (Dkt. No. 16), and an "Emergency Motion for Leave on Judicial Notice of Adjudicative Facts Pursuant to Fed. R. Evid. 201(c)(2)" (Dkt. No. 18). The Court conducted a hearing as scheduled on June 9, 2022.

The Court lacks jurisdiction. The Amended Complaint asserts four bases for federal question jurisdiction in this action: 15 U.S.C. § 1116, 18 U.S.C. § 1151, "the Property Clause of the U.S. Constitution," and Article I, section 8, clause 3 of the U.S. Constitution. Dkt. No. 13 at 2.

Case No.: 5:22-cv-03092-EJD
ORDER OF DISMISSAL

1

1  Title 15 U.S.C. § 1116 concerns injunctive relief in a federal trademark infringement case,
2  however, Plaintiff does not appear to be asserting any trademark-related claims, commonly
3  referred to as the Commerce Clause.  Title 18 U.S.C. § 1151 provides a definition of "Indian
4  country," but does not mention federal district court jurisdiction.  The Property Clause does not
5  discuss federal district court jurisdiction.  The Commerce Clause states that Congress shall have
6  the Power "[t]o regulate Commerce with foreign Nations, and among the several States, and with
7  the Indian Tribes."  U.S. Const. art. I, sec. 8, cl. 3.  Like the Property Clause, the Commerce
8  Clause does not discuss federal district court jurisdiction.

9  The claims do not suggest any other basis for federal question jurisdiction.  Claim #1,
10 entitled "Tort of Intimidation and Stalking at Healthcare Facility," appears to be a tort claim and
11 Plaintiff acknowledges that pursuant to 28 U.S.C. § 1360(a),[1] the claim ought to be filed in state
12 court.  *See* Dkt. No. 17 at 6.  Claim #2, entitled Tortious Interference with USPS Rural Route
13 Mailbox and Incoming U.S. Mail," is not a legally viable claim.  *See Wilcox v. First Interstate*
14 *Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (there is no separate private right of
15 action for mail fraud under federal law).  Claim #3 is entitled "Tortious In[ter]ference with Tribal
16 Activities, Personnel, and Property within the limits of Indian Canyon," and is based on
17 allegations of intimidation, harassment, false representation, assault, battery, and a physical attack.
18 These allegations suggest Plaintiff is asserting a tort claim.  As stated previously, Plaintiff may file
19 tort claims in state court.  To the extent the title of the claim suggests interference with tribal
20 activities, the claim should be resolved by the Costanoan-Chualar Indian Tribal Government of
21 Indian Canyon in the first instance.  *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987).
22 "Tribal authority over the activities of non-Indians on reservations lands in an important part of
23 tribal sovereignty."  *Id*.  "Civil jurisdiction over such activities presumptively lies in the tribal
24 courts unless affirmatively limited by a specific treaty provision or federal statute."  *Id*.

---

[1] Section 1360(a) provides that state courts "shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in . . . [a]ll Indian country within [California]."

Case No.:   5:22-cv-03092-EJD
ORDER OF DISMISSAL
2

United States District Court
Northern District of California

Accordingly, the first claim is **dismissed without prejudice** to pursue the claim in state court. The second claim is **dismissed without leave to amend.** The third claim is dismissed **without prejudice** to file the claim in state court. If Plaintiff is able to assert a different claim over which this Court may exercise jurisdiction, she may file a second amended complaint no later than July setting forth that claim or claims no later than September 30, 2022.

Again, the Court encourages Plaintiff to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants. Although the Program does not provide legal representation, the Program may be able to locate a pro bono counsel willing to assist Plaintiff with the case. The Program's phone number is (408) 297-1480. More information on the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

**IT IS SO ORDERED.**

Dated: August 22, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-03092-EJD
ORDER OF DISMISSAL

3